KAILL v. BOARD OF DIRECTORS OF ST. LANDRY PARISH, LA., et al.

(Circuit Court of Appeals, Fifth Circuit. February 27, 1912.)

No. 2,300.

1. JUDGMENT (§ 519*)—COLLATERAL ATTACK—MANDAMUS TO ENFORCE PAYMENT.

The validity of a judgment against a parish cannot be raised by answer in a mandamus proceeding to compel its payment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 963; Dec. Dig. § 519.*]

2. COURTS (§ 344*)—EXECUTION OF JUDGMENTS OF FEDERAL COURTS—CONTROL BY STATE LAW.

The process by which the courts of the United States execute their judgments is not controlled by state law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*]

3. MANDAMUS (§ 111*)—COMPELLING PAYMENT OF JUDGMENT AGAINST PARISH—GROUNDS FOR REFUSAL.

That funds to be collected by a parish are specially dedicated by law for educational purposes, that said funds are insufficient to carry on and maintain the schools of the parish, and that the parish had no funds carried over from previous years were not sufficient grounds for denying a writ of mandamus to compel the payment of a judgment against the parish.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 231, 232, 234; Dec. Dig. § 111.*

Mandamus to enforce payment of judgment against municipality, see note to Holt County v. National Life Ins. Co., 25 C. C. A. 475.]

In Error to the Circuit Court of the United States for the Western District of Louisiana.

Mandamus proceedings by Henry G. Kaill against the Board of Directors of St. Landry Parish, La., and others. Judgment for defendants, and plaintiff brings error. Reversed.

In this case Henry G. Kaill, the plaintiff in error, hereinafter called plaintiff, sued out an alternative writ of mandamus against the parish board of directors of the parish of St. Landry, the individual members thereof and its officers, defendants in error, the said parish board of directors of the parish of St. Landry being hereinafter called defendant, to compel defendant to pay a judgment which plaintiff had obtained in the court below against defendant, and which the latter refused to pay.

The petition alleged: That plaintiff had obtained in the court below, after issue joined and due hearing had, a judgment against the defendant in the full sum of $2,400, with 5 per cent. per annum interest on $800 thereof, from January 31, 1905, until paid, and with 6 per cent. per annum interest on the balance of $1,600 from January 31, 1905, until paid, and costs. That said judgment rendered in favor of plaintiff and against defendant as aforesaid had long since become final·and executory, and that payment thereof had been demanded and refused. That under the laws of the state of Louisiana all the property, real and personal, belonging to defendant, was exempt from seizure and sale under execution. That there were ample funds in defendant's treasury not otherwise appropriated to pay and satisfy in full said judgment in principal, interest, and costs. That the board of school directors, the governing authority of defendant, was required by the laws of the state of Louisiana to make an annual estimate of the amount of revenue which it would receive for the year, and to make a budget of appropriation of the

same, and to pay out no funds intrusted to its charge except on a warrant drawn by its president and countersigned by its secretary in pursuance of an appropriation by it regularly made.

The petition then recited the names of the members of the governing authority of defendant and of its officers, gave their residences, and alleged, that plaintiff had no adequate remedy to enforce payment of its said judgment except the writ of mandamus.

The petition was duly verified, and concluded by praying for an alternative writ of mandamus commanding defendant to forthwith pay plaintiffs said judgment in principal, interest, and costs, or to show cause, if any there were, in open court at Opelousas, La., on a day and hour to be named by the court, why a peremptory writ of mandamus should not issue, commanding and directing the president and superintendent and ex officio secretary and treasurer of defendant to pay said judgment in pursuance of said appropriation and in accordance with the laws of the state of Louisiana in such cases made and provided.

In due course defendant filed its return, in which, after denying all and singular the allegations in plaintiff's petition contained, it averred that he was not entitled to the relief prayed for because "his debt was contracted in violation of sections 59 and 73 of Act No. 81 of the General Assembly of the state of Louisiana for the year 1888. That, said indebtedness having been contracted in violation of this said statute, no action or execution can be allowed in aid thereof."

This return having been objected to, defendant filed an amended return, in which it averred: "That plaintiffs herein are not entitled to an execution of their said judgment by mandamus proceedings, because the funds to be hereafter collected by your respondent board are specially dedicated by law for educational purposes for the years for which said funds are collected; that said funds are insufficient to carry on and maintain the public schools of the parish of St. Landry for the period required by law; that your respondent board has no funds on hand remaining over from previous years, and your respondent board, under the law of its creation, is without right or authority to direct any of the funds which may hereafter come under its control for educational purposes to the payment of relator's judgment. Wherefore respondents pray that their original answer be amended as herein set forth, and that the writ of mandamus herein prayed for be denied, and respondents be hence dismissed."

Thereupon plaintiff again objected to defendant's return as thus amended. His objection was that the averments of said return were insufficient in law to entitle them to a discharge under the writ. But the court permitted the defendants to prove as shown by the agreed statement in the record:

"(1) Plaintiff's judgment which is sought to be enforced by the mandamus proceedings herein instituted by plaintiff is as follows:

"'United States Circuit Court, Western District of Louisiana.

"'Henry G. Kaill, Plaintiff, v. Parish Board of Directors of the Parish of St. Landry (Louisiana), Defendant. No. 401.

"'This cause having been regularly called for trial, taken up, and tried in open court, and submitted for adjudication, and, the law and the evidence being in favor of plaintiff and against the defendant, it is therefore ordered, adjudged, and decreed that the plaintiff, Henry G. Kaill, do have and recover judgment in his favor and against the defendant, the parish board of directors of the parish of St. Landry (Louisiana), in the full sum of twenty-four hundred ($2,400) dollars with 5 per cent. per annum interest on eight hundred dollars ($800) thereof from and after January 31, 1905, until paid; and 6 per cent. per annum interest on sixteen hundred ($1,600) dollars thereof from and after January 31, 1905, until paid. It is further ordered, adjudged, and decreed that the defendant pay all costs of this suit. This done on the 24th day of April, A. D. 1909.

"'[Signed]    Aleck Boarman, United States Judge.

"'Filed April 24th, 1909.        [Signed]  Leroy B. Gulotta, Clerk.'

"(2) That demand for the payment of said judgment was made by plaintiff's attorney, and said demand was refused by the defendant board by a res-

olution adopted April 6, 1910, in the words following, to wit: 'On motion of Mr. Boudreau, it was resolved that the superintendent be instructed to inform Mr. E. B. Dubuisson, attorney of H. G. Kaill, that the school board refuses to make any provisions for the payment of the judgment of said H. G. Kaill against the parish board of school directors.'

"(3) When the writ of mandamus was served upon defendants, there were no funds in the treasury of the defendant board except special funds, the proceeds of special taxes appropriated to the special purposes for which said taxes were voted, and therefore not available for the payment of ordinary obligations of said board.

"(4) The total receipts of said board for the fiscal year ending June 30, 1910, aside from the special funds above mentioned, were eighty-one thousand one hundred and thirty-eight and 82/100 dollars ($81,138.82). These funds were sufficient to run the high school departments of the public schools of the parish of St. Landry for nine months and all other departments for eight months. The length of time during which the last-mentioned departments are operated depends upon the amount of the board's revenues. The sessions of said departments seldom reach the period of nine months during any school year. There was no balance carried over from the revenues of the fiscal year ending June 30, 1910, to the next fiscal year beginning July 1, 1910, except the special funds mentioned in paragraph 3, supra.

"(5) The defendant board has not made an annual budget appropriation for the fiscal year beginning July 1, 1910, based on the entire revenues of the board for said year, nor has it even in the past made such an appropriation. The custom of the board has been to dispose of all of its revenues by separate appropriations made for special purposes at various times during each year at its regular or special meetings.

"(6) As a result of the adoption of the amendment to the Constitution of the state of Louisiana as proposed by joint resolution No. 257 of the Acts of the General Assembly of said state for the year 1910, the revenues of the defendant board from the police jury on the basis of the present assessment will be about five thousand dollars ($5,000) more than said board has heretofore ever received per year from said source."

The case was tried without a jury as per written stipulation, and at a subsequent term of court judgment was entered in favor of defendant and against plaintiff dismissing the petition.

E. B. Dubuisson, for plaintiff in error.

Gilbert L. Dupre (R. Lee Garland, on the brief), for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge (after stating the facts as above).  [1] Neither the original nor amended answer was sufficient, nor do the agreed facts shown by the evidence warrant the judgment of dismissal of plaintiff's petition. All questions of the indebtedness of the defendant to the plaintiff and the validity thereof are settled by the judgment. The question was before this court on very similar facts in Mayor, etc., of City of New Orleans v. U. S. ex rel. Stewart, 49 Fed. 40, 1 C. C. A. 148, and Judge Locke, for the court, said:

"The question as to whether the debt for the collection of which a mandamus was prayed was a liability of the city of New Orleans or not has been determined by the judgment. If there could have been any defense made to the action on account of the debt having been contracted for the purposes of the year 1882, and not paid from the revenues of that year, and therefore involving the accumulation of an indebtedness such as was prohibited by the act of 1877, it should have been made at the trial of the cause in the court below"

—citing United States v. New Orleans, 98 U. S. 395, 25 L. Ed. 225, as follows:

"In the present case the indebtedness of the city of New Orleans is conclusively established by the judgments recovered. The validity of the bonds upon which they were rendered is not now open to question. Nor is the payment of the judgments restricted to any species of property or revenues or subject to any conditions. The indebtedness is absolute. If there were any question originally as to a limitation of the means by which the bonds were to be paid, it is cut off from consideration now by the judgments. If a limitation existed, it should have been insisted upon when the suits on the bonds were pending, and continued in the judgments. The fact that none is thus continued is conclusive on this application that none existed."

This is no longer an open question. See United States v. New Orleans, supra; and see 9 Rose's Notes, p. 641.

[2] This view of the case renders it unnecessary to determine whether section 73 of Act 81 of Louisiana Laws 1888 (see Session Acts 1888, p. 108) is still in force or has been repealed by Act No. 214 of 1902, a matter to which most of the argument in this case has been directed, and in regard thereto we only say that the process by which the courts of the United States execute their judgments is not controlled by state law. Hart v. City of New Orleans (C. C.) 12 Fed. 292; s. c., 118 U. S. 136, 6 Sup. Ct. 995, 30 L. Ed. 65.

In Mayor, etc., New Orleans v. U. S. ex rel. Stewart, supra, Judge Bruce said:

"I concur in the conclusion and judgment of my Brother Locke in this case. It is my opinion that it was the duty of the common council of the city to put the relator's judgment upon the budget for the year 1891; that it was an act ministerial in its character, and mandatory, under the provisions of the Act of Ex. Sess. 1870; that it was not within the discretion of the common council to postpone the relator's judgment upon the ground that all the revenues of the city for the year 1891 are required to provide for what is called the alimony of the city, or on any other ground, and that the decisions of the Supreme Court of the state cannot be held, upon a fair consideration, to have settled the law in Louisiana otherwise."

And the decree of the court was:

"We find, therefore, no error in the action of the court below, and the judgment for a peremptory writ of mandamus must be affirmed, with costs; but so much time has been occupied by the delays of this case that the budget of 1891 may no longer be available, and it is ordered that this case be remanded to the court below, with instructions that a peremptory writ of mandamus issue, commanding the respondents herein to appropriate and pay from any appropriation of 1891, of which there is any surplus remaining in the treasury after all liabilities and expenditures have been paid, as contemplated in section 5 of act No. 38 of 1879, a sum sufficient to pay said judgment and interest and costs in the court below and herein; and, if no such sum remains of any appropriation of the said budget of 1891, after all such liabilities and expenses have been paid, to proceed at their first regular meeting after service of said writ to budget and appropriate in the estimate and appropriations for the year 1892 such sum, as aforesaid; and it is so ordered."

[3] We think that case was correctly ruled, and therefore we do not find it necessary to further pass upon the following objections set forth in the second or amended return, to wit: That the funds hereafter to be collected by the defendant are specially dedicated by law for educational purposes, that the said funds are in-

sufficient to carry on and maintain the schools of the parish, and that defendants had no funds carried over from previous years than to point out, under the decisions cited and on principle, they do not with other objections alleged make a good and sufficient return in this case. See Monaghan v. City of Philadelphia, 28 Pa. 207, and Evans v. Pittsburgh, Fed. Cas. No. 4,568, commenting thereon, and Pollock v. Lawrence Co., Fed. Cas. No. 11,255.

The judgment of the Circuit Court is reversed, and the case is remanded, with instructions to grant a new trial, and thereupon enter judgment in favor of plaintiff and against defendant, commanding the defendant to pay plaintiff's judgment in principal, interest, and costs out of any money remaining in defendant's treasury from the revenues of the fiscal year ending June 30, 1911, not otherwise appropriated, and, if there be no such sum sufficient for the purpose, then that defendant be commanded to proceed at its first regular meeting to be held after the service of said writ to appropriate a sum sufficient for the purpose aforesaid out of its revenues for the fiscal year ending June 30, 1912, or, if there be no funds sufficient for that purpose remaining unappropriated out of its revenues for the year ending June 30, 1912, then to make such appropriation out of its revenues for the fiscal year ending June 30, 1913. Costs of this and the lower court to be paid by defendant and appellee.