**KRAMER v STATE ex MOORE**

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 28, 1933

Franklin L. Maier, Massillon, for plaintiff in error.

W. Bernard Rodgers, Wilmington, for defendant in error.

## OPINION

By SHERICK, PJ.

The remedy of mandamus is well recognized as the means to be employed by a classified civil service employee to determine his legal right to be restored to the office of which he claims to have been illegally dispossessed by his superior. And our courts have taken the position that a relator may question the constitutionality of an act that precludes him from the right which he claims in an action in mandamus. See **State ex McKell v Robins, 71 Oh St, 273,** 73 NE, 470, 69 L.R.A., 427, 2 Ann. Cas., 485. We therefore take the view that the Court of Common Pleas had jurisdiction of the subject-matter of the questions presented in the first action in mandamus pleaded in the petition herein, irrespective of whether or not the law and rule of the civil service commission provide for such an appeal, or expressly withhold such a remedy. The plaintiff in error submitted his person to that court's jurisdiction. It must therefore follow that that court had full power and authority to enter the judgment it did enter, irrespective of the question whether it was right or wrong in its conclusion as a matter of law.

The rule is stated in 18 Ruling Case Law, 357, as follows:

"A decision by a court of competent jurisdiction on an application for a mandamus, awarding or denying the writ, cannot thereafter be questioned collaterally by any of the parties, nor by anyone else who was represented in the proceeding. They may attack it directly by appeal or motion to set aside, or for a rehearing, but so long as it remains unreversed and not set aside, it binds everyone who was a party, or was represented in any subsequent collateral action or proceeding."

The case of **Moore v Robison, 6 Oh St, 302,** is an early recognition of this rule. The court in that case, at page 305, considering a judgment entered on a premature claim, remarks:

"But if rendered by a court having jurisdiction of the subject-matter of the action and the person of the defendant, it can not be treated as a nullity. Until vacated by appeal, or reversed by a court having the proper appellate jurisdiction, in a proceeding for that direct purpose, it binds the parties, and can not be collaterally questioned."

A later acknowledgment of this doctrine finds expression in **Martin v Roney, 41 Oh St, 141.** Our attention has been further directed to the case of Sweeney v City of Butte, 64 Mont., 230, 208 P., 943. This was a situation of a wrongful discharge of a police officer restored to his office by a writ of mandamus. By a statute of the state of Montana this order of reinstatement, and right to the emoluments of the office during the time of suspension, had the effect of a claim against the city which must be

prosecuted within a given time. In a suit on this claim, the court held that a judgment in mandamus, adjudging plaintiff entitled to the office and the emoluments of patrolman, cannot be attacked in an action to recover the emoluments, and, not having appealed from the judgment (in mandamus), defendant is bound by it.

The converse of this situation is found in Kaill v Bd. of Directors of St. Landry Parish, (C.C.A.), 194 F., 73, and in Tucker v Hubbert (C.C.A.), 196 F., 849. The first-named authority concisely states that "The validity of a judgment against a parish cannot be raised by answer in a mandamus proceeding to compel its payment."

We cite and quote the last three cases noted as illustrative of the thought that a judgment in mandamus is of no less sanctity than any other kind of judgment; and that the rule applies in both situations. We see no reason why it should not have equal application when such a question is raised in a second action in mandamus. It cannot be said that the writ now asked for should be denied on the theory that the relator had an adequate legal remedy. The writ issued in the first action commanded the civil service commission of the city to proceed to perform a discretionary duty; and, it having performed that duty, the director now refuses to abide by the order of reinstatement, and to place the relator's name upon the payroll and cause him to be paid. A judgment for the amount due the relator would not command the doing of these acts prerequisite to actual payment.

If the respondent director was aggrieved by the court's judgment on the matter of the relator's right of appeal, he should have prosecuted error therefrom and having failed so to do he cannot now be heard to raise a question upon the merits previously litigated between the same parties to a final conclusion. And it having been judicially determined that a right of appeal existed, and the commission having found that the relator had been illegally suspended, and that he was entitled to the emoluments of his office for the time of his suspension, we conclude that a writ should issue as prayed for. The judgment is affirmed and the cause remanded.

Judgment affirmed and cause remanded.

LEMERT and MONTGOMERY, JJ, concur.