SALADIN et v STATE ex RITCHEY et

Ohio Appeals, 6th Dist, Huron Co

Decided April 27, 1936

H. R. Freeman, City Solicitor, Norwalk, for plaintiffs in error.

Earl S. Miller, Norwalk, for defendants in error.

## OPINION

By CARPENTER, J.

This was an action in mandamus commenced in the Common Pleas Court of Huron County. The petition in substance charges that the city of Norwalk, Ohio, maintains an electric light department in which the relators, Harry Ritchey and Nathan J. O'Dell, are regular employees and as such are in the classified civil service of that city; that on January 16, 1935, M. G. Irwin, the superintendent of that department, suspended relators, and served upon each a copy of his order, which reads as follows:

"You are hereby suspended from duty without pay starting the 16th day of January, 1935, and reporting for duty January 21, 1935, in accordance with §486-17 GC, on the grounds of drinking to excess while on duty on January 14 while working on our Whittlesey Avenue primary line.

"The provision of the Civil Service Commission provides that you are to be given a written copy of this suspension, with the reasons for the suspension, and that you have the right to appeal from this suspension to the Civil Service Commission within ten days from and after date of this suspension.

"Yours very truly,
"City of Norwalk,
"By M. G. Irwin, Supt."

January 23, 1935, at the instance of relators, the Civil Service Commission of the city of Norwalk heard the appeal thereto of relators, and on January 28, 1935, "unanimously agreed that no testimony was offered to support the charge," and reinstated relators with pay for the five days of suspension. February 1, 1935, they demanded of respondents, the Director of Service, Auditor and Treasurer of the city, that they certify the names of the relators upon the payroll of the city, and issue to them warrants for the amounts of pay due them under the findings of the Civil Service Commission. They also allege that funds are available for such payment, but that respondents refuse to so certify, or to issue warrants, and they ask that a writ of mandamus issue to compel such action by respondents.

To the petition a joint demurrer was filed by the respondents, which was overruled by the trial court, and respondents having failed to plead further a peremptory writ was ordered. From that judgment respondents prosecuted error to this court.

The only question presented by this record is whether the relators had the right to appeal to the Civil Service Commission from the order of suspension imposed by the superintendent, under whom they were employed. If they had that right, the or-

der of the commission is conclusive herein; if not, it is of no effect.

It is conceded that the city of Norwalk has never adopted a city charter. No ordinance of council or rules of the Civil Service Commission of that city ▮▮▮▮▮▮▮ ▮ are pleaded or otherwise specifically brought into this record, hence we must look to the state statutes for the law applicable hereto. That law is found in §§486-1 to 486-31, GC, where by §486-19, GC, authority granted the State Civil Service Commission with respect to the state is granted to the municipal commission, "except as otherwise provided," and the "procedure applicable to reductions, suspensions and removals, as provided for in §§486-17 and 486-17a GC, shall govern the civil service of municipalities."

These sections are as follows:

Sec 486-17 GC. "No person shall be reduced in pay or position, laid off, suspended, discharged or otherwise discriminated against by an appointing officer for religious or political reasons or affiliations. In all cases of reduction, lay-off or suspension of an employe or subordinate, whether appointed for a definite term or otherwise, the appointing authority shall furnish such employe or subordinate with a copy of the order of lay-off, ·eduction or suspension and his reasons for the same, and give such employe or subordinate a reasonable time in which to make and file an explanation. Such order together with the explanation, if any, of the subordinate shall be filed with the commission. Nothing in this act contained shall limit the power of an appointing officer to suspend without pay, for purposes of discipline, an employe or subordinate for a reasonable period, not exceeding thirty days; provided, however, that successive suspensions shall not be allowed, and provided further that the provisions of this section shall not apply to temporary and exceptional appointments made under the authority of §486-14 GC."

Sec 487-17a, GC. "The tenure of every officer, employe or subordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a position under the provisions of this act, shall be during good behavior and efficient service; but any such officer, employe or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.

"In all cases of removal the appointing authority shall furnish such employe or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employe or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employe or subordinate shall be filed with the commission. Any such employe or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission's decision shall be final; provided, however, that in the case of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality an appeal may be had from the decision of the municipal commission to the Court of Common Pleas of the County in which such municipality is situated to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission."

It will be observed that the right to appeal is provided in §486-17a, ▮▮▮▮▮ ▮ GC, and that it applies to "removals" only. Curtis, Safety Director v State ex Morgan, 108 Oh St, 292, 140 NE, 522.

Sec 486-7, GC, says "the commission shall first: Prescribe, amend and enforce administrative rules for the purpose of carrying out and making effectual the provisions of this act," and §486-19, GC, says "such municipal commission shall prescribe, amend and enforce rules not inconsistent with the provisions of this act for the * * * layoffs, suspensions, reductions." etc.

In Davis et, Civil Service Comm. v State ex Kennedy, Dir. of Public Service, 127 Oh St, 261, 187 NE, 867, the commission of the city of Cleveland sought by rule to extend

to employees of the city in the classified service the right to appeal to the commission "from orders of discharge of the appointing officer." The charter of that city authorizes appeals only in the police and fire departments. The court said at page 264:

"A limited jurisdiction in appeal was granted (by the charter), but the right of appeal was restricted to employees in specific departments. Thereby all others were excluded, and of course could not be added by the action of the recipient of the powers granted. The application of the principle, 'expressio unius est exclusio alterius,' is itself decisive of the question." Curtis, Safety Director v State ex Morgan, supra.

This is important as answering an argument made here in behalf of relators that they had a constitutional right to appeal from the order of the appointing officer suspending them for five days, without pay, for disciplinary purposes. In support of this argument Kramer v State ex Moore, 45 Oh Ap, 389, 392, (15 Abs 297), 187 NE, 256, is cited. This case was decided before Davis et, Civil Service Comm. v State ex Kennedy, Dir. of Public Service, supra, was decided and the doubt expressed in the Kramer case as to the validity of the state laws quoted above, that make no provision for appeal in cases like this, is not well founded now. In the instant case the state civil service laws stand in the same relation as to Norwalk that the Charter of the city of Cleveland occupied in the Davis case.

If a civil service employee of the city of Cleveland can be discharged without appeal, certainly the appointing officer in the city of Norwalk can exercise the disciplinary power given him in the last sentence of §486-17, GC, without infringing the constitutional rights of such employee. No state law authorizes appeal in such cases, nor does the law authorize a municipal commission to adopt rules to provide for such appeal. There being no such statute, the Davis case, supra, precludes a commission from making such rules.

Before the civil service laws were adopted there could be no doubt about the control the municipal employer had over the tenure of its employees. That power was the same as it is in private industry. Civil service was unknown to the common law. It is purely a creature of statute, and such statutes, and the constitutional provision authorizing them. Article XV, §10, Constitution, are in derogation of those common-law powers, and cannot be extended by any common-law principles. There being no right of appeal provided in cases like the one at bar, neither the Civil Service Commission nor the courts can impose one.

The fact that the superintendent's order of suspension informed relators they could appeal to the commission could not confer upon that body a power the law had not given it.

The provisions of §486-17, GC, by which "In all cases" the suspended employee must be furnished a copy of the order of suspension and given a "reasonable time in which to make and file an explanation," seems to be mandatory. It is not claimed these things were not accomplished by the letter above quoted, which the superintendent gave relators.

It is asked why an employee suspended for disciplinary purposes is given the right to file an explanation? It is in the spirit of fairness that pervades the whole civil service law that such employee shall have an opportunity to state to the appointing authority his side of the matter. By so doing the attention of the appointing officer may be called to information on the subject that otherwise might not have come to his knowledge. If the officer has made a mistake in making such suspension, he may then correct it by revoking his order.

Also it is asked why the order of suspension is required to be certified to the commission, as provided in §486-17, GC. §486-21, GC, requires approval by the commission of payrolls, and the information that one in the classified service is off the payroll for 30 days or less may be necessary for the commission in the correct approval of the payroll for the period.

It is urged that an appointing officer may abuse the power of suspension for disciplinary purposes conferred by §486-17, GC, and the employees have no redress. That section itself contains its own limitation that such suspensions shall not exceed thirty days and "that successive suspensions shall not be allowed." §486-22, GC, imposes another safeguard upon such abuse of power and provides another reason for the filing with the commission of the reasons for the suspension and the explanation of the suspended employee as to why the disciplinary measure should not have been invoked.

By that section the commission has authority to call to the attention of the mayor

such abuse, and he in turn may remove the offending officer.

The trial court should have sustained the demurrer to the petition and dismissed it, and its judgment is therefore reversed and the cause is remanded to that court with directions to so dispose of the case.

Judgment reversed and cause remanded.

LLOYD and OVERMYER, JJ, concur.