MEDLEY ET AL., APPELLANTS, v. CIVIL SERVICE COMMISSION OF CITY OF PORTSMOUTH ET AL., APPELLEES.

[Cite as Medley v. Civil Serv. Comm. (1970), 23 Ohio Misc. 311.]

(No. 52341—Decided May 6, 1970.)

Common Pleas Court of Scioto County.

*Mr. R. L. Eisnaugle,* for appellants.
*Mr. Edward V. Leach, Jr.,* city solicitor, for appellees.

MARSHALL, J. Appellants filed with this court a notice of appeal from the order of the Civil Service Commission of the city of Portsmouth, Ohio, made on March 7, 1969, refusing sick leave to claimants and refusing to hear evidence on appeal from the order of the appointing authority. The notice states that the appeal is on questions of law and fact as provided by R. C. 2506.01 to 2506.04. The record in the case consists of a copy of a letter dated January 31, 1969, from the City Manager of Portsmouth to the Fire Chief advising that appellants were disallowed compensation for sick leave for January 25, 1969. He ruled that they were not sick on that day. Copies of this letter were ordered delivered to appellants and the Portsmouth Civil Service Commission. The record also contains the finding of the civil service commission refusing to conduct a hearing and dismissing appellants' appeal on the

grounds that the commission has no jurisdiction under R. C. 143.29.

No issue has been raised as to procedural matters, and none are herein considered. The question presented by the appeal has been extremely perplexing due to the fact that we have been unable to find any authority whatsoever with respect thereto. If it were not for the broad provisions of R. C. Chapter 2506, this court would be inclined to take the position that no right to appeal exists in this situation; however, since that chapter provides for review by the Court of Common Pleas of "Every final * * * decision of any officer * * * or commission * * *," the problem must be confronted.

That the Legislature has now afforded a right to appeal the decision of an administrative officer refusing approval of an employee's request to use accumulated sick leave is unequivocal. The only issue remaining is whether the appeal should be taken to the Civil Service Commission or directly to the Court of Common Pleas.

R. C. 143.29 provides that "employees may use sick leave, upon approval of the responsible administrative officer of the employing unit, for absence due to personal illness, injury, exposure to contagious disease which could be communicated to other employees, and to illness, injury, or death in the employee's immediate family. * * * This section shall be uniformly administrated as to employees in each agency of the state government by the director of state personnel. * * *" The foregoing section was amended, effective August 18, 1969, and now requires employees to furnish a satisfactory affidavit or a physician's certificate of illness, but this requirement was not in effect at the time appellants were denied sick leave in this case, although the administrative officer had the option to demand an affidavit if he so desired.

This statute has been held to "give employees entitled thereto, the option to use sick leave, rather than the employing unit the right to grant sick leave." *Birkbeck* v. *Bd. of Edn.*, 17 Ohio Misc. 245.

R. C. 143.27 is controlling with respect to the procedure

to be followed in cases of disciplinary action against employees in the classified service of the state and all the political subdivisions thereof. It is to be noted that this statute contains special provisions which pertain only to members of police and fire departments and are not applicable to other public employees. "In the case of the suspension for any period of time, or demotion, or removal of * * * any member of the police or fire department of a city * * * such * * * member * * * may file an appeal, in writing, with the municipal civil service commission. * * * the commission * * * shall hear * * * such appeal * * * and it may affirm, disaffirm, or modify the judgment of the appointing authority."

The contention is that since this section does not specifically provide for an appeal of an order refusing to approve sick leave by an administrative officer, and no reference to such a right is contained in R. C. 143.29, such action is not appealable to the Civil Service Commission.

The Supreme Court of Ohio held in the case of *Curtis* v. *State, ex rel. Morgan,* 108 Ohio St. 292, decided June 19, 1923, "No appeal lies from the action of the appointing authority, except in cases of removal on the grounds set forth in Section 486-17a, General Code." That decision can be properly understood only in light of the facts and the law before that court. The General Code section under construction which was the predecessor to the present R. C. 143.27, provided for appeal to the Civil Service Commission in removal cases only. In that case the employee had been laid off temporarily "in the interest of economy and for the sole reason of the lack of sufficient funds with which to pay salaries of the entire working force in such department." It is also of relevance to the opinion that no broad right of review of all final decisions of every administrative officer by the Court of Common Pleas then existed, as is now required by R. C. Chapter 2506. The court ruled that, since the employee had not been removed, the case could not be brought within the statutory provision affording an appeal. In its opinion, while discussing the theory of the Civil Service Act, the court, neverthe-

less, pointed out that "it would still be necessary to declare that the appointing power is a separate, independent power of the safety department, free from any control on the part of the Civil Service Commission, except that of regulation in determining the fitness of the applicant and in *safeguarding appointees against unjust discriminations and unjust accusations.*" (Emphasis added.) In construing the same statute, providing for appeal only in cases of removal, the Court of Appeals ordered the Civil Service Commission to provide an appeal hearing to an employee who had been suspended for disciplinary reasons. The Court commented upon *Curtis* v. *State, ex rel. Morgan, supra,* as follows:

"This case is no doubt sound in reason and in principle in a matter of suspension in the interest of necessitated economy; and if it were necessary for this court in this case to follow the reasoning of that case, we would frankly admit our hesitancy to do so. If the Civil Service Act or the rules promulgated by the commission provide no redress for suspension of a subordinate for disciplinary purpose, without reason or cause or appeal therefrom, then an arbitrary and reprehensible interference with the right of one in classified civil service to enjoy his office is impaired. Continued and repeated suspensions of like kind might deprive him of practically all but his title, and his record might be so marred without his fault, and without means of redress, as to eventually make it possible for his removal from office upon his record alone." *Kramer* v. *State, ex rel. Moore,* 15 Ohio Law Abs. 297.

In the case before this court, the order refusing to grant approval for the requested sick leave contained the following warning. "As you know illegal use of sick leave could result in possible suspension or dismissal and continued abuse of this sick leave by any member of the Fire Department will result in more severe disciplinary action."

This court finds that the order of the City Manager refusing to grant approval of appellants' request for sick leave and disallowing compensation to them for January 25, 1969, constituted suspension of pay for that day; that

sick leave is a right conferred upon employees in the classified service by statute, and is to be administered uniformly throughout the state as a part of the civil service laws; and that the appellants are entitled to an appeal to the Civil Service Commission pursuant to R. C. 143.27.

It is, therefore, ordered that the Portsmouth Civil Service Commission proceed to hear and determine said appeal.

*Order reversed.*