FRESHOUR, APPELLANT, v. RADCLIFF, SHERIFF, APPELLEE.

[Cite as Freshour v. Radcliff (1988), 35 Ohio St. 3d 181.]

(No. 87-463—Decided February 24, 1988.)

Paul L. Freshour, pro se.
William H. Harsha, prosecuting attorney, for appellee.

Per Curiam. In order for the extraordinary writ of mandamus to issue, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. State, ex rel. Westchester, v. Bacon (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus. Clearly, appellant could not and cannot sustain this burden.

First, there is no evidence in the record that appellant has filed any civil action in libel in the Court of Common Pleas of Pickaway County. Second, a writ of mandamus cannot issue ordering a person to cease commenting about a criminal case which has been fully adjudicated. Finally, a writ of mandamus cannot issue ordering the trial court to enter a judgment for appellant in a civil suit allegedly pending before that court.

Appellant has failed to demonstrate that he has a clear legal right to the relief prayed for and further has failed to demonstrate that appellee is under a clear legal duty to perform the requested acts. Therefore, dismissal of this action by the court of appeals was appropriate and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.