**State, ex rel. Hallinan, v.**
**Tallmadge Bd. of Education**
*[Cite as 7 AOA 357]*

*Case No. 14480*
*Summit County, (9th)*
*Decided October 31, 1990*

*Michael A. Weinberger, 234 W. Portage Trail, P.O. Box 535, Cuyahoga Falls, Ohio 44222, for Relator.*

*Ronald J. Habowski, 215 W. Garfield, #230, Aurora, Ohio 44202, for Respondents.*

BAIRD, J.

This is an original action in mandamus brought by relator John Hallinan against respondents Tallmadge City School District Board of Education; the board's president, vice-president, and members; and Daniel McCombs, Superintendent of Tallmadge Schools. Hallinan requests this court to issue a peremptory writ of mandamus compelling respondents to comply with an order of the Tallmadge Civil Service Commission and assign Hallinan to a day-shift position. For the reasons that follow, we deny Hallinan's request for a writ of mandamus.

This cause is now before this court on the parties' cross-motions for summary judgment. Upon review of the materials provided to the court, we find no issue of material fact in dispute. See, *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d, 317, 327.

Hallinan has been a classified civil service employee of the Tallmadge City School District for fifteen years as a custodian. He currently works on the night shift. Because his wife frequently has seizures at night, Hallinan applied for an available position on the day shift. Although Hallinan has consistently received good work evaluations throughout his long term of employment, the day-shift position was given to another employee who had only six months' experience.

Hallinan wrote a letter to the Tallmadge Civil Service Commission (Commission) requesting a, bearing on the denial of his job reassignment. On January, 24, 1990, following a hearing on the matter, the Commission issued an order to respondents directing that Hallinan be assigned to the day shift. Respondents appealed the Commission's order to the Summit County Court of Common Pleas, but did not obtain a stay of the Commission's order while the appeal was pending. Hallinan then filed this original action for a writ of mandamus.

In order for the extraordinary writ of mandamus to issue, Hallinan must demonstrate that:

1) he has a clear legal right to the day-shift position;

2) respondents have a clear legal duty to assign him to the day-shift position; and,

3) he has no other plain and adequate remedy at law. See, *Freshour v. Radcliff* (1988), 35 Ohio St. 3d 181, 182; *State, ex rel. Westchester v. Bacon* (1980), 61 Ohio St. 2d 42. It is on the second prong that Hallinan's complaint fails. We find that the Commission lacked subject matter jurisdiction to issue its order to respondents. Consequently, the order was without legal effect, and respondents have no clear legal duty to assign Hallinan to a day-shift position.

Initially, we note that although both parties describe the move between day and night shifts as a "transfer," it is not. R.C. 124.33 describes a transfer as a move from the employee's "original position to a similar posi-

tion in another office, department, or institution." Hallinan's move to the day shift is not a transfer, but merely a job reassignment.

Hallinan did not have a right of appeal to the commission for a review of respondents' denial of his request for a new job assignment. The only basis of authority for a classified civil service employee to request an appeal to a local civil service commission is found in R.C. Chapter 124. R.C. 124.34 provides, in pertinent part:

"In any case of *"reduction, suspension* of more than three working days, *or removal,* the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal[.]

"Within ten days following the filing of such order, the employee may file an appeal in writing, with the state personnel board of review or the commission. ***." (Emphasis added.)

This section permits an appeal to the Commission only in the case of reduction, removal or suspension; there is no such right of appeal in the case of a job reassignment.

In addition to the above statute, R.C. 124.40 requires a municipal civil service commission to promulgate and enforce rules governing "appointments, promotions, removal, transfers, layoffs, suspensions, reductions, and reinstatements." Again, under the statutory language, this power to enforce does not extend to review of job assignments.

The right of appeal is a statutory one, and the legislature has made no provision in either R.C. 124.34 or R.C. 124.40 for an appeal to the Commission from every grant or denial of a job assignment. Indeed, to do so would overburden the commission and unnecessarily restrict the statutory power of a school district superintendent to "direct and assign teachers and other employees of the schools under his supervision." R.C. 3319.01.

Because Hallinan had no statutory right of appeal to the Tallmadge Civil Service Commission, the Commission lacked subject matter jurisdiction to review respondents' denial of Hallinan's request for a new job assignment. See, *Davis v. State, ex rel. Kennedy* (1933), 127 Ohio St. 261, 264. Therefore, any order issued by the commission upon that review was invalid, and imposed no legal duty, upon respondents. See, *Morrison v. Steiner* (1972), 32 Ohio St 2d 86, 87.

Accordingly, Hallinan cannot meet the second requirement for the issuance of a writ of mandamus, *i.e,* a clear legal duty upon respondents to assign Hallinan to a day-shift position. Hallinan's prayer for the issuance of a peremptory writ of mandamus is denied.

REECE, P.J., and CIRIGLIANO, J., concur.