## In the Matter of Scott
*[Cite as 7 AOA 421]*

*Case No. 88AP-875*
*Franklin County, (10th)*
*Decided September 27, 1990*

*Robert E. Sexton, for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General and Daniel A. Malkoff, for Appellee.*

BRYANT, J.,

Appellant, Gregory L. Scott, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the Division of Securities ("division") revoking appellant's license to sell securities.

In July 1985, the division notified appellant that his license would be suspended or revoked unless appellant requested a hearing pursuant to R.C. Chapter 119. In response to appellant's request therefor, a hearing was held before a hearing officer, who submitted a report, including findings of fact, conclusions of law, and a recommendation. No objections were filed to the referee's report. Appellee adopted the findings of fact and conclusions of law in the hearing officer's report, but rejected the hearing officer's recommendation. Instead, appellee revoked appellant's license.

Appellant appealed to the common pleas court, which found the division's order to be supported by substantial, reliable, and probative evidence, and in accordance with law. Appellant now appeals to this, court, setting forth two general assignments of error:

"1. The Trial Court erred in sustaining the Decision and Order of Appellee revoking Appellant's license as a salesman of securities.

"2. The Trial Court erred in overruling the motion of Appellant for reconsideration of its September 10, 1987 Decision and thereby sustaining the Decision and Order of Appellee revoking Appellant's license as a salesman of securities."

However, appellant presents thereunder the following five arguments:

"I. 'Good business repute' as used in division (A) of section 1707.19 of the Revised Code of Ohio refers to good reputation which one has among others in matters of the conduct of his commercial activities as a licensed salesman of securities.

"II. 'Not of good business repute' as used in paragraph (A) of section 1707.19, Ohio Revised Code, requiring the revocation of the license of a securities salesman refers to business reputa-

tion in activities within the scope of such licensure.

"III. The burden of proof is upon the appellee to" establish by sufficient evidence that appellant is not of good business repute.

"IV. There must be an affirmative finding by the appellee that appellant is not of good business repute in order to satisfy the requirements of law for a revocation of his license as a salesman of securities.

"V. Evidence of conviction of crime (felonies) in matters unconnected with, not related to, and not involving the business and activities of appellant as a licensed securities salesman is insufficient as evidence of being a person not of good business repute to support a revocation of his securities salesman license where the acts in question occurred prior to licensure."

Appellant's first two arguments are interrelated and will be discussed jointly. In those arguments, appellant contests the interpretation and application of Ohio Adm. Code 1301:6-3-15(O), which addresses the issue of good business repute. Specifically, appellant asserts that Ohio Adm. Code 1301:6-3-15(O) does not define the terms "not of good business repute"; rather, appellant asserts that the section merely sets forth the circumstances and conduct which should be *considered* in determining whether one is not of good business repute. In connection therewith, appellant further contends that the conduct necessary to finding one is not of good business repute must involve the sale of securities, or other related activities within the scope of appellant's license; that the conduct must relate to appellant's business reputation, not his reputation in general.

Good business repute is defined in Ohio Adm. Code 1301:6-3-15(O), as follows:

"In determining 'good business repute,' as used in sections 1707.01 to 1707.45 of the Revised Code, the division shall consider whether the applicant or licensed dealer or salesman:

"***

"(3) Has been found guilty of any felony, or of any misdemeanor involving theft, deception, or moral turpitude[.]" Section (O) concludes with the following language:

"A determination by the division that any of the above acts or conduct has been engaged in may constitute sufficient grounds for denial, suspension, revocation or failure to renew a license by the division. ***"

According to Ohio Adm. Code 1301:6-3-15(O)(3), good business repute is determined by considering whether the licensed salesman has been found guilty of any felony. However, the section further specifies that any of the acts or conduct listed under section (O) is sufficient grounds to revoke a salesman's license. As a result, and contrary to appellant's contentions, Ohio Adm. Code 1301:6-3-15(O) does more than describe the circumstances which must be considered in determining whether one is of good business repute; it specifies that conduct which enables the division to revoke a license.

Moreover, contrary to appellant's argument, the rule does not require that in each instance the prohibited conduct occur as part of or related to activities within the scope of the salesman's license. While some of the conduct listed under section (O) does involve business activity, the rule specifically provides that any of the acts listed under section (O) is sufficient grounds for license revocation. Hence subsection (O)(3), which contains no requirement that the felony be related to business activity, is grounds for license revocation.

Even if we were to agree with appellant that the prohibited conduct must bear some relation to appellant's securities activities or his business reputation, the facts of the present case arguably meet that standard. Appellant was convicted of theft in office. According to the hearing officer's report, appellant had started a business known as GTS Enterprises, Inc, d.b.a. Groveport Carry-Out, where appellant sold beer and wine under a permit issued by the Department of Liquor Control. Appellant bought beer and wine from the Department of Liquor Control at wholesale, and marked it up to make his profit. In effect, appellant "operated a portion of his carryout as a state liquor store."

According to the hearing officer, all liquor transactions were to be made at a separate register with accounts kept separate from all other business transactions at the carryout. All monies from the sale of liquor were to be deposited into an account from which only the Department of Liquor Control could withdraw the funds. Contrary to that principle, appellant advanced himself commissions from the sale of liquor at the carryout, placed a corporate check with the liquor receipts to cover the amount he advanced himself, and used the liquor commissions to cover overhead at the carryout. His breach of responsibility was discovered due to a

fire at the carryout where, appellant stated, he had burned some personal papers and placed the remains in the trash; he later discovered that a fire broke out in the store that same night. The Department of Liquor Control immediately conducted an audit and discovered the facts leading to appellant's conviction for theft in office.

Given the position of trust in which appellant is placed as a securities salesman, appellant's conviction for theft in office under the facts and circumstances set forth bear on his business reputation in general, and on his ability to properly execute the position of trust he has with his securities clients in particular. As a result, even if the rule specified that a felony relate to a licensed salesman's business reputation in order to warrant revocation of a license, appellant's having been found guilty of a felony under the facts and circumstances herein arguably supports revocation.

Given the foregoing, appellant's first and second arguments are not well-taken.

Appellant's third and fourth arguments are interrelated as well, and we also address them jointly. In those two arguments, appellant asserts that, by the language employed in its order revoking appellant's license, appellee shifted the burden of proof to appellant to prove that he was of good business repute, as opposed to the division proving that appellant was not of good business repute; that R.C. 1707.19 requires an affirmative finding that appellant is not of good business repute, a finding which the division order lacks.

R.C. 1707.19 states as follows:

*"An original license, or a renewal thereof,* applied for by a dealer or salesman of securities, may be refused, and any such license granted may be suspended and, after notice and hearing in accordance with sections 119.01 to 119.13, inclusive, of the Revised Code, *may be revoked, by the division of securities, if the division determines that such applicant or such licensed dealer or salesman:*

"(A) *Is not of good business repute[.]"* (Emphasis added.)

Presumably acting on the authority of R.C. 1707.19(A), the acting commissioner of securities stated in the division order revoking appellant's license:

"Whereas the recommendation of the hearing officer is hereby rejected and the license of Gregory L. Scott be revoked based on a lack of

finding that he is of good business repute for the following reasons:

"1. A guilty plea to a felony charge of theft in office shall be considered by Division pursuant to 1301:6-3-15(O)(3) ,when reviewing an applicant for licensure as a securities salesman by the State of Ohio.

"2. The respondents conviction has a sufficient nexus to his securities activities to raise significant concerns over entrusting him with investor funds.

"3. The testimony of witnesses on behalf of the respondent indicates that he is a successful salesman through his volume of sales but does not mitigate the concerns created by his prior conviction."

Both appellant and appellee recognize that under the relevant statute, the division bears the burden of proving that appellant is not of good business repute. In support of the division order, appellee points to the discussion section of the hearing officer's report wherein the hearing officer concluded:

"*** [T]he Division made a prima facie case to revoke or suspend Respondent's securities salesman license. Both felony convictions create an adequate basis for determining that Respondent is not of good business repute. *** Therefore, sufficient evidence exists for the Division to revoke or suspend Respondent's securities salesman license."

Noting that the division order adopts the referee's report, appellee suggests that the division order clearly allocated the burden of proof appropriately and properly found appellant not to be of good business repute. However, the division order does not adopt the hearing officer's report in its entirety, but only his findings of fact and conclusions of law. Since the language appellee relies upon is taken from the discussion section of the hearing officer's report, assertions that the division relied on extracted language are problematic.

Nonetheless, we find the division order sufficient. Specifically, R.C. 1707.19 provides that a license may be suspended or revoked if a licensed salesman is determined not to be of good business repute. The division revoked appellant's license on a lack of finding that appellant was of good business repute. While, at first glance, that language appears to shift the burden of proof to appellant, the succeeding paragraphs of the order reveal that the burden of proof was properly placed on the division.

Specifically, in the first two paragraphs following that language, the order specifies the division's evidence," appellant's guilty plea to a felony charge of theft in office, to be the basis for the division's finding; and it notes the nexus between that conviction and the investor funds with which appellant would be entrusted as a salesman of securities. Nor can we interpret the third paragraph thereunder as shifting the burden to appellant. Rather, the third paragraph simply notes that appellant failed to present evidence undermining the division's evidence supporting revocation of appellant's license.

In the final analysis, although the language of the division order is problematic, the order constitutes an affirmative finding, based on evidence the division presented, that appellant is not of good business repute as defined in Ohio Adm. Code 1301:6-3-15(O)(3). Appellant's third and fourth arguments are not well-taken.

In his fifth argument, appellant asserts some of the same points from his first two arguments, and to that extent, his fifth argument is overruled. However, he also contends that Ohio Adm. Code 1301:6-3-15(O) is an invalid exercise of the division's rule-making authority; that the substance of the rule exceeds the authority granted the division under the applicable statute. Appellee contends that appellant failed to raise that argument before the common pleas court, and therefore is precluded from raising it for the first time before this court. We disagree. Although appellant could have brought the issue to the attention of the common pleas court more directly, the issue was raised before the common pleas court. Finding that the common pleas court did not address the issue, we remand this case to the trial court for consideration of that argument. Hence, to that limited extent, we find appellant's fifth argument well-taken and sustain his first assignment of error. We note, however, that should the rule be determined to be invalid as to appellant, then notwithstanding the rulings on appellant's other arguments contained herein, the revocation of appellant's license under that rule also would be subject to reversal.

Finally, in his second assignment of error, appellant asserts that the common pleas court erred in overruling his motion for reconsideration. Even if appellant's motion was proper procedurally, we find no prejudicial error in the common pleas court's denying it, given the rulings of this opinion. Appellant's second assignment of error is overruled.

Given the foregoing, although we find no error in the conclusions the common pleas court reached, we modify the judgment of the court to the extent of remanding this matter solely for consideration of whether Ohio Adm. Code 1301:6-3-15(O) is a valid exercise of the division's rule-making authority as discussed under appellant's fifth argument in this opinion.

*Judgment modified and cause remanded.*

BOWMAN and HAYES, J.J., concur.

HAYES, J., of the Portage County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.