FEHRMAN, Appellant,

v.

OHIO DEPARTMENT OF COMMERCE, Division of Securities, Appellee.

[Cite as *Fehrman v. Ohio Dept. of Commerce, Div. of Securities* (2001), 141 Ohio App.3d 503.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–217.

Decided Feb. 27, 2001.

504

*Carlile, Patchen & Murphy LLP, Dennis J. Concilla* and *John E. Haller,* for appellant.

*Betty D. Montgomery,* Attorney General, *Eric J. Rosenberg* and *Thomas J. Rocco,* Assistant Attorneys General, for appellee.

KENNEDY, Judge.

Appellant, Robert Malone Fehrman, appeals from a decision and entry of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Department of Commerce, Division of Securities, denying appellant's application for a license to sell securities in the state of Ohio.

Appellant applied for a license to sell securities in Ohio on May 8, 1998, by submitting an electronic form U–4 to the Central Records Depository ("CRD") of the National Association of Securities Dealers ("NASD"), and the application was received by appellee on May 11, 1998. On June 11, 1998, appellee issued a division order notifying appellant of its intent to deny his application, alleging that appellant was not of "good business repute," as provided in the version of R.C. 1707.19(A) in effect at the time and Ohio Adm.Code 1301:6–3–19(D)(7) and (9). Additionally, the order informed appellant of his right to request an adjudicative hearing pursuant to R.C. Chapter 119. Appellant requested a hearing, which was held on July 31, 1998. On October 20, 1998, the hearing examiner issued findings of fact and conclusions of law finding that appellant was not of good business repute and recommending that appellee deny his application for licensure in Ohio. Although appellant filed objections to the hearing examiner's report and recommendation, appellee issued a division order on January 4, 1999, denying appellant's application and informing appellant of his right to appeal pursuant to R.C. 119.12.

Appellant filed a timely notice of appeal in the Franklin County Court of Common Pleas on January 15, 1999. The trial court issued a decision and entry on January 26, 2000, affirming the order of appellee denying appellant's application for a license. The trial court found that, although unsubstantiated and unproven allegations of professional misconduct are insufficient as a matter of law to serve as a basis for denying a license application, an independent basis existed for appellee to deny appellant's application. The trial court rejected appellant's argument that Ohio Adm.Code 1301:6–3–19(D)(7) violates Section 1, Article II of

the Ohio Constitution by allowing appellee to consider consent orders and other matters that do not contain findings of wrongdoing, finding that there were findings of wrongdoing by appellant. Additionally, while the trial court acknowledged that appellant was denied procedural due process in that appellee considered additional subparts of Ohio Adm.Code 1301:6–3–19(D) without informing appellant, the trial court found that appellant was not prejudiced. The trial court concluded that appellee had met its burden of proving that appellant was not of good business repute under Ohio Adm.Code 1301:6–3–19(D)(7), in that it was undisputed that appellant had been subject to several disciplinary actions by NASD and the Missouri Commissioner of Securities. Appellant filed a timely notice of appeal.

On appeal, appellant raises two assignments of error:

"First Assignment of Error: The trial court erred in affirming the decision of the Ohio Division of Securities in that the order of the division of securities was not supported by reliable, probative and substantial evidence[.]

"Second Assignment of Error: The trial court erred in affirming the decision of the Ohio Division of Securities in that the order of the division of securities was not in accordance with law[.]"

The trial court, as well as the hearing examiner, included an extensive listing of the facts as well as a complete listing of the disciplinary actions on which appellee based its order in the prior decisions. Because it is undisputed that these disciplinary actions against appellant exist, we will not repeat them here.

We address appellant's two assignments of error together. Appellant argues that the decision of the trial court was not supported by reliable, probative, and substantial evidence and was not in accordance with law. We disagree.

Under R.C. 119.12, a trial court reviewing an order of an administrative agency must consider the entire record and determine whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." The trial court must give due deference to the agency's resolution of evidentiary conflicts. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. If the trial court finds that the order is supported by reliable, probative, and substantial evidence and is in accordance with law, then the trial court must affirm the order. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750–751. In *Pons,* the Supreme Court of Ohio delineated the role of an appellate court in an R.C. 119.12 appeal:

"* * * The appellate court's review is even more limited than that of the trial court. While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if

the trial court has abused its discretion, *i.e.*, being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *." *Id.*

However, on questions of law, an appellate court's review is plenary. *Steinfels v. Ohio Dept. of Commerce, Div. of Securities* (1998), 129 Ohio App.3d 800, 803, 719 N.E.2d 76, 78–79.

The Division of Securities of the Ohio Department of Commerce may refuse a license to sell securities in Ohio if it determines that the individual is not of good business repute. R.C. 1707.19(A). Although the definition of "good business repute" is not provided in the Ohio Revised Code, R.C. 1707.20(A) authorizes the Division of Securities to adopt rules defining terms, as long as the definitions are not inconsistent with R.C. 1707.01 to 1707.45. The Division of Securities identified factors to consider in determining whether an applicant is of good business repute in Ohio Adm.Code 1301:6–3–19(D). For example, under Ohio Adm.Code 1301:6–3–19(D)(7), the division shall consider whether an applicant "[h]as been the subject of any suspension, expulsion, revocation, fine, censure or any other disciplinary action by any state or federal agency, by any association of investment advisers, investment adviser representatives, securities salesperson or dealers, by any professional association granted disciplinary or regulatory authority by state or federal law, or by any recognized securities exchange[.]" The Division of Securities bears the burden of proving that an applicant is not of good business repute. *In re Scott* (1990), 69 Ohio App.3d 585, 590, 591 N.E.2d 312, 314–315.

The hearing examiner and appellee based the decision to deny appellant's license application on several prior disciplinary actions and consent decrees, which they determined were indicative that appellant is not of good business repute under Ohio Adm.Code 1301:6–3–19(D)(2), (7), and (9). However, the trial court based its decision on only two NASD letters of acceptance, waiver, and consent: letter C04910045, signed by appellant on December 27, 1991; and letter KC–333–AWC, signed by appellant on August 7, 1985. The trial court found that these letters of acceptance, waiver, and consent provided findings of wrongdoing by appellant and were disciplinary actions that allowed appellee to determine that appellant was not of good business repute under Ohio Adm.Code 1301:6–3–19(D)(7).

Appellant asserts that the trial court abused its discretion in affirming the order of appellee because the order was not supported by reliable, probative, and

substantial evidence. Specifically, he argues that the trial court's reliance on prior disciplinary actions and consent letters is insufficient to deny his securities license in that they do not contain any findings of wrongdoing by appellant and in that he denied any wrongdoing in his testimony at the hearing. In support of his argument, appellant cites this court's decision in *Urella v. State Med. Bd.* (1997), 118 Ohio App.3d 555, 693 N.E.2d 846. In *Urella,* this court held that the Ohio Medical Board could not discipline a physician based on unsubstantiated disciplinary charges from another state when the physician appeared at a hearing before the Ohio Medical Board and disputed the basis of the other state's disciplinary proceedings. *Id.* at 562, 693 N.E.2d at 850–851. Thus, under *Urella,* appellant argues that appellee could not deny his application because there was no reliable, probative, and substantial evidence to support the denial of his application.

However, *Urella* is clearly distinguishable. The version of R.C. 4731.22(B)(22) in effect at the time allowed the Ohio Medical Board to discipline a physician based upon disciplinary actions in another state only if those actions would also have been a violation of Ohio law. *Id.* at 558, 693 N.E.2d at 847–848. In the absence of specific findings of wrongdoing and in light of the physician's specific denial of any wrongdoing, this court concluded:

"* * * [T]here was absolutely no reliable, probative and substantial evidence to support the Ohio Board's conclusion that the actions upon which the New York disciplinary action was based would have constituted violations of R.C. 4731.22(B)(3) and (6). Under the circumstances of this case, the New York Board's statement of charges amounts to nothing more than unsubstantiated and unproven allegations. Ohio cannot discipline Dr. Urella based on these unsubstantiated allegations, especially in light of Dr. Urella's appearance and denial of the charges before the Ohio Board and the failure to present any evidence in rebuttal. * * *" *Id.* at 562, 693 N.E.2d at 850.

Thus, this court's decision in *Urella* was based on the specific requirement of R.C. 4731.22(B)(22).

■ Unlike the statute in *Urella,* neither R.C. 1707.19 nor Ohio Adm.Code 1301:6–3–19(D) requires an independent finding that the conduct underlying an out-of-state disciplinary action would also be a disciplinary violation in Ohio in order for appellee to find that an applicant is not of good business repute. Under Ohio Adm.Code 1301:6–3–19(D)(7), as quoted above, an individual may be found not to be of good business repute if the individual has been the subject of prior disciplinary actions, including suspension, fine, or censure. Regardless of whether the two letters of acceptance, waiver, and consent relied upon by the trial court contained any specific findings of wrongdoing by appellant, it is undisputed that in these letters appellant consented to censures, fines, and suspensions. Consequently, the trial court did not abuse its discretion in finding that there were

disciplinary actions in evidence that allowed appellee to find that appellant is not of good business repute under Ohio Adm.Code 1301:6–3–19(D)(7) and to deny his application for licensure. Appellant's first assignment of error is overruled.

Additionally, appellant asserts that the trial court abused its discretion in affirming the order of appellee because the order was not in accordance with law. Appellant argues that Ohio Adm.Code 1301:6–3–19(D) violates Section 1, Article II of the Ohio Constitution, in that it allows appellee to consider matters which are not probative of good business repute and in that it impermissibly declares policy. Appellant also argues that he was denied procedural due process because appellee failed to notify him that it was considering Ohio Adm.Code 1301:6–3–19(D)(2) in addition to Ohio Adm.Code 1301:6–3–19(D)(7) and (9), which were listed in the division order informing him of appellee's intent to deny his application.

The trial court did not directly address appellant's argument that Ohio Adm.Code 1301:6–3–19(D) violates Section 1, Article II of the Ohio Constitution by allowing appellee to consider consent orders without any factual findings of wrongdoing, but, instead, the trial court stated that the argument was "flawed" because there were findings of wrongdoing by appellant.

In *Midwestern College of Massotherapy v. Ohio Med. Bd.* (1995), 102 Ohio App.3d 17, 22–23, 656 N.E.2d 963, 966–967, this court discussed the criteria for determining whether an administrative rule is constitutional:

"The General Assembly cannot delegate its legislative powers to an administrative body and any such delegation would be unconstitutional. *Matz v. J.L. Curtis Cartage Co.* (1937), 132 Ohio St. 271, 8 O.O. 41, 7 N.E.2d 220, paragraph six of the syllabus. However, the legislature may pass laws which delegate administrative powers to an administrative body. *Id.*

"Generally, a law which confers discretion on a board without establishing any guidelines is a delegation of legislative power and is unconstitutional. *Id.*, paragraph seven of the syllabus; *Weber v. Bd. of Health* (1947), 148 Ohio St. 389, 35 O.O. 351, 74 N.E.2d 331, at paragraph three of the syllabus. However, an exception to this general rule applies when a law concerns the state's exercise of its police powers. A law which delegates discretion without providing guidelines may nevertheless be valid and constitutional when the law relates to the protection of the public morals, health, safety, or general welfare, and guidelines would defeat the intended legislative objective. *Matz*, paragraph seven of the syllabus. In such a situation, the administrative body may issue rules and they will be a proper exercise of administrative power provided the rules are not unreasonable, discriminatory, or in conflict with the law. *Weber* at 396, 35 O.O. at 354, 74 N.E.2d at 335–336. A rule which is unreasonable, arbitrary, discriminatory, or in conflict with law is invalid and unconstitutional because it surpasses

administrative powers and constitutes a legislative function. *Id.* at 398–400, 35 O.O. at 355–356, 74 N.E.2d at 336–337. Nor may an administrative body promulgate rules which add to its delegated powers. *Carroll v. Dept. of Adm. Serv.* (1983), 10 Ohio App.3d 108, 110, 10 OBR 132, 133–134, 460 N.E.2d 704, 706–707. An administrative body may only promulgate regulations consistent with and predicated upon an express or implicit statutory grant of authority. *DDDJ, Inc. v. Ohio Liquor Control Comm.* (1990), 64 Ohio App.3d 828, 831, 582 N.E.2d 1152, 1154. A rule that bears no reasonable relation to the legislative purposes of the authorizing statute improperly declares policy. *Carroll, supra,* at 110, 10 OBR at 133–134, 460 N.E.2d at 706–707."

■ The Ohio General Assembly enacted the Ohio Securities Act (R.C. Chapter 1707) in 1929, to protect the public from exploitation through the sale of securities. *In re Columbus Skyline Securities, Inc.* (1996), 74 Ohio St.3d 495, 660 N.E.2d 427. The provisions of R.C. Chapter 1707 are remedial in nature and were broadly drafted to protect the public from unscrupulous securities dealers. *Id.* As noted above, the General Assembly did not define the term "good business repute" in R.C. Chapter 1707, but it authorized the Division of Securities to define terms used in that chapter in R.C. 1707.20(A), as long as those definitions are not inconsistent with the other provisions of R.C. Chapter 1707. Our review of Ohio Adm.Code 1301:6–3–19(D) indicates that it is not unreasonable, arbitrary, discriminatory, or in conflict with the other provisions of R.C. Chapter 1707, and that it bears a reasonable relation to the legislative purposes of the authorizing statute. Clearly, disciplinary actions in other jurisdictions bear a reasonable relation to determining whether an applicant for a license to sell securities is of good business repute. Moreover, an applicant who has been denied a license is afforded the opportunity to participate in a hearing and to present evidence as to the individual's business repute. Consequently, we conclude that Ohio Adm.Code 1301:6–3–19(D) is constitutional.

Appellant also argues that the rule is invalid as a matter of law because it allows appellee to consider disciplinary actions without any evidentiary findings, citing *Urella.* However, as noted above, *Urella* is distinguishable because the statute at issue required that actions resulting in out-of-state discipline used as a basis for discipline in Ohio must also constitute a violation under Ohio law.

■ The trial court found that appellant was denied procedural due process by not receiving notice that Ohio Adm.Code 1301:6–3–19(D)(2) was going to be considered by the hearing examiner. However, the trial court concluded that appellant was not prejudiced in that appellee was able to prove independently that appellant was not of good business repute under the factors of Ohio Adm.Code 1301:6–3–19(D) that were listed in the notice.

Under R.C. 119.07, an administrative agency must give notice of "the charges or other reasons for the proposed action, the law or rule directly involved, and a statement informing the party that he is entitled to a hearing if he requests it within thirty days of the time of mailing the notice." This court has held that procedural due process applies to most administrative hearings and that it includes "a reasonable notice of hearing as well as a reasonable opportunity to be heard." *State ex rel. Finley v. Dusty Drilling Co.* (1981), 2 Ohio App.3d 323, 324–325, 2 OBR 366, 368, 441 N.E.2d 1128, 1130. The Supreme Court of Ohio has noted that procedural due process entitles a party to be informed of the issues on which a decision will be made and the factual material on which an agency relies so that the individual may have the opportunity to rebut it. *State ex rel. Canter v. Indus. Comm.* (1986), 28 Ohio St.3d 377, 380, 28 OBR 437, 439–440, 504 N.E.2d 26, 29, citing *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.* (1974), 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447. This court has also indicated that failure to provide adequate notice of the issues to be considered by an administrative agency unfairly prejudiced a party by denying the party a reasonable opportunity to be heard on that issue. *State ex rel. B.F. Goodrich Co. v. Indus. Comm.* (1991), 73 Ohio App.3d 271, 275, 596 N.E.2d 1118, 1120–1121.

Here, the division order notifying appellant of its intent to deny his application informed appellant that appellee would be considering whether he was of good business repute, as defined in Ohio Adm.Code 1301:6–3–19(D)(7) and (9). The order also included a listing of appellant's prior disciplinary actions on which the intent to deny his application was based. Thus, while appellant was not given notice of one specific subsection of Ohio Adm.Code 1301:6–3–19(D), he clearly had adequate notice of the issues that were going to be considered at the hearing and had the opportunity to present evidence in his favor on these issues. Moreover, as the trial court found, there was a basis for appellee's finding that appellant was not of good business repute under the subsections of Ohio Adm.Code 1301:6–3–19(D) for which appellant was given notice. Consequently, the trial court did not abuse its discretion in finding that appellant was not prejudiced by appellee's failure to give appellant notice that Ohio Adm.Code 1301:6–3–19(D)(2) would be considered. Appellant's second assignment of error is overruled.

Based upon the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and MCCORMAC, J., concur.

JOHN W. MCCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.