[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 192.]

THE STATE EX REL. CINCINNATI ENQUIRER, DIVISION OF GANNETT SATELLITE INFORMATION NETWORK, INC., *v.* JOYCE, COMMR., ET AL.

[Cite as *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Joyce*, 2002-Ohio-5807.]

*Public records—Mandamus sought to compel Ohio Department of Commerce, Division of Securities and its commissioner to provide relator with copies of complaints submitted to the division by investors in George Fiorini and various companies that he controlled or with which he was affiliated— Writ denied, when.*

(No. 2002-0318—Submitted September 24, 2002—Decided November 6, 2002.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶1} On March 12, 1999, a daughter of a potential investor telephoned respondent Ohio Department of Commerce, Division of Securities ("ODS") concerning an investment solicitation made by George Fiorini. On March 31, 1999, ODS commenced a formal investigation of Fiorini and various companies that he controlled or with which he was affiliated. After March 31, 1999, ODS obtained approximately 32 written complaints from investors relating to the Fiorini investigation.

{¶2} On January 22, 2002, James McNair, a reporter for relator, Cincinnati Enquirer, a division of Gannett Satellite Information Network, Inc., requested that ODS and its commissioner, respondent Deborah Dye Joyce, provide him with "copies of complaints submitted to the division by investors in George Fiorini, Fiorini Agency, IGW Trust, The Standard Trust, Guardian Investments and Standard Pacific Power & Energy, and Sanitec." In the request, the Enquirer

asserted that it was requesting the copies "[u]nder provisions of Ohio public records law, Sec. 143.43 [sic, 149.43] of the Ohio Revised Code." The Enquirer also cited *State ex rel. Beacon Journal Publishing Co. v. Maurer* (2001), 91 Ohio St.3d 54, 741 N.E.2d 511, in support of its request.

{¶3} On January 28, 2002, ODS denied the Enquirer's request for copies of complaints. ODS claimed that the requested records were governed by R.C. 1707.12 and that R.C. 1707.12 prohibited the disclosure of the records.

{¶4} On February 21, 2002, the Enquirer filed this action for a writ of mandamus to compel respondents, ODS and Commissioner Joyce, to make the requested records available "for inspection and copying in accordance with R.C. 149.43(B), and for any other relief deemed just and proper by the Court, including but not limited to an award of attorney's fees." Respondents filed a motion to dismiss.

{¶5} The parties attempted to settle the matter through mediation, but in April 2002, after the parties were unable to resolve their dispute, the case was returned to the regular docket. We subsequently granted an alternative writ and issued a schedule for the presentation of evidence and briefs. 95 Ohio St.3d 1476, 2002-Ohio-2492, 768 N.E.2d 1183.

{¶6} This cause is now before the court for consideration of the parties' request for oral argument and for consideration of the merits.

### Oral Argument

{¶7} We deny the parties' joint motion for oral argument. The parties' briefs are sufficient to resolve the issues raised, and this case does not involve a substantial constitutional issue, a conflict between courts of appeals, or complex issues of law or fact. *State ex rel. Woods v. Oak Hill Community Med. Ctr., Inc.* (2001), 91 Ohio St.3d 459, 460, 746 N.E.2d 1108. This case is governed by (1) the uncontroverted evidence that the requested records were obtained through the ODS

investigation, (2) the construction of R.C. 1707.12(B) in light of its legislative purpose, and (3) precedent. No oral argument is necessary.

Mandamus

{¶8} The Enquirer asserts that it is entitled to the requested writ of mandamus under R.C. 149.43, Ohio's Public Records Act. For the following reasons, the Enquirer's assertions lack merit, and we deny the writ.

{¶9} We have held that "[b]ecause the General Assembly enacted R.C. 149.43 subsequent to R.C. 1707.12, and never manifested an intent that the two provisions be coextensive in either the original enactment or any successive amendment, *R.C. 1707.12 is the sole provision governing information collected by the Ohio Division of Securities*." (Emphasis added.) *State ex rel. Dublin Securities, Inc. v. Ohio Div. of Securities* (1994), 68 Ohio St.3d 426, 627 N.E.2d 993, syllabus.

{¶10} The plain language of R.C. 1707.12 prohibits the disclosure of the complaints against Fiorini and his affiliated companies. R.C. 1707.12(B) prohibits the inspection of information obtained by ODS through any investigation by persons other than those specifically excepted therein:

{¶11} "Information obtained by the division *through any investigation* shall be retained by the division and *shall not be available to inspection* by persons other than those having a direct economic interest in the information or the transaction under investigation, or by a law enforcement officer pursuant to the duties of his office." (Emphasis added.)

{¶12} The uncontroverted evidence introduced by respondents establishes that the requested complaints were "obtained * * * through the Fiorini investigation." In addition, no evidence was presented to show that the Enquirer has a "direct economic interest" in the requested records. Therefore, R.C. 1707.12(B) prohibits disclosure of the requested records.

{¶13} In addition, even if we assume, as relator suggests, that the requested complaints include *unsolicited* complaints, R.C. 1707.12(B) still prohibits their

disclosure because all of the complaints were received after the ODS investigation began.

{¶14} In construing a statute, our paramount concern is the legislative intent in enacting the statute. *State ex rel. Cincinnati Post v. Cincinnati* (1996), 76 Ohio St.3d 540, 543, 668 N.E.2d 903. We first look at the statutory language, according the words used their usual, normal, or customary meaning. *State ex rel. Besser v. Ohio State Univ.* (2000), 87 Ohio St.3d 535, 539, 721 N.E.2d 1044.

{¶15} Here, the word "through" as used in the R.C. 1707.12(B) phrase "obtained by the division through any investigation" has several customary meanings, including "during the entire period of" and "as a result of." Webster's Third New International Dictionary (1986) 2384. Understandably, respondents ODS and its commissioner favor the former definition, which would include within the statutory exemption unsolicited complaints received following the initiation of an investigation, whereas the Enquirer favors the latter definition, which would not include unsolicited complaints.

{¶16} We adopt the interpretation advanced by ODS and its commissioner. As noted previously, our paramount concern in construing R.C. 1707.12(B) is the legislative intent in enacting the statute. The Ohio Securities Act (R.C. Chapter 1707), which is also known as the Ohio Blue Sky Law, was enacted to "prevent the fraudulent exploitation of the investing public through the sale of securities." *In re Columbus Skyline Securities, Inc.* (1996), 74 Ohio St.3d 495, 498, 660 N.E.2d 427; *Fehrman v. Ohio Dept. of Commerce, Div. of Securities* (2001), 141 Ohio App.3d 503, 510, 751 N.E.2d 1089. That purpose is best served by keeping complaints concerning possible securities violations confidential once an investigation has been initiated. As cogently observed by respondents, if we were to adopt the Enquirer's interpretation, complaints would be available to any member of the public, including the target of the ODS investigation. "[I]t was hardly the legislative intent of R.C. 1707.12 to place investigatory files in the hands of a

subject under investigation." *Dublin Securities*, 68 Ohio St.3d at 432, 627 N.E.2d 993. We therefore construe R.C. 1707.12 to avoid this unreasonable result. R.C. 1.47(C).

{¶17} This result is also consistent with precedent. In *Dublin Securities*, 68 Ohio St.3d 426, 627 N.E.2d 993, we held that R.C. 1707.12(B) shielded unsolicited complaints to ODS. Here, the evidence is even clearer than it was in *Dublin Securities* that the unsolicited complaints that are the subject of the request for copies were not received by ODS until *after* it had initiated an investigation against Fiorini and his affiliated companies. Even the dissent in *Dublin Securities* noted that the requested records in that case would have been exempt from disclosure under R.C. 1707.12(B) if "an active investigation was under way at the time the Division received the document in question." Id. at 433, 627 N.E.2d 993 (Pfeifer, J., dissenting). It is uncontroverted that this occurred here.

{¶18} Finally, the cases cited by the Enquirer are inapposite. Those cases interpret R.C. 149.43 instead of R.C. 1707.12. See *State ex rel. Beacon Journal Publishing Co. v. Maurer* (2001), 91 Ohio St.3d 54, 741 N.E.2d 511; *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 662 N.E.2d 334. And in *Maurer*, in which we held that police incident reports are public records that do not constitute confidential law enforcement investigatory records, we emphasized that police "incident reports initiate criminal investigations but are not part of the investigation." *Maurer*, 91 Ohio St.3d at 56, 741 N.E.2d 511. By contrast, a telephone call initiated the investigation of Fiorini here and not the requested complaints.

{¶19} Based on the foregoing, R.C. 1707.12 governs the Enquirer's request for records, and R.C. 1707.12(B) prohibits the disclosure of the requested records. We therefore deny the writ of mandamus. By so holding, we need not address respondents' alternative argument that the requested records also constitute exempt confidential law enforcement investigatory records and trial preparation records

under R.C. 1707.12(C).  See *Dublin Securities*, 68 Ohio St.3d at 428, 627 N.E.2d 993.

Writ denied.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————

Graydon, Head & Ritchey L.L.P., John C. Greiner and John A. Flanagan, for relator.

Betty D. Montgomery, Attorney General, Michael R. Gladman and Lisa Wu Fate, Assistant Attorneys General, for respondents.

—————————