Matthias, J.
 

 The single question presented is whether the civil service commission of the city of Cleveland has jurisdiction upon appeal from an action of dismissal of employes in departments of the city government other than fire and police. The jurisdiction of the civil service commission is conferred by the city charter. It has only such power and authority as is thus vested in it. Section 121 of the charter provides for appeals to the civil service commission by any person in the police or fire service suspended, reduced in rank, or dismissed from the department, and defines the duties of the civil service commission with reference to such appeals. Section 127 authorizes the commission to make, promulgate, and, when necessary, amend, rules for the appointment, promotion, transfer, reinstatement, suspension, and removal of city officials and employes in the classified service; and Section 128 of the charter directs that the rules of the civil service commission shall, among other things, provide “for the discharge or reduction in rank or compensation, only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction specifically stated in writ
 
 *263
 
 ing and has been given an opportunity to be heard in his own defense. The reasons for such discharge or reduction and any reply in writing thereto by such employe shall be filed with the commission. ’ ’' This section provides further that “the commission shall adopt other rules, not inconsistent with the foregoing provisions of this section as may be necessary and proper for the enforcement of the merit system, and to provide for the procedure of the commission.”
 

 It is to be observed that the charter authorizes appeal to the civil service commission only by employes in the police and fire service, and expressly confers jurisdiction upon the commission only in such cases. Power to review upon appeal by employes dismissed from service in any other department was not assumed or exercised by the commission previous to the adoption of its present rule, known as rule 10. This rule was adopted July 19,1932, and, among other things, provides that any officer, employe, or subordinate removed for any of the causes therein enumerated may appeal from the decision or order of the appointing authority to the civil service commission, which may “affirm, disaffirm or modify the judgment of the appointing authority,” and also directs the procedure to be followed upon such appeal, especially excepting therefrom officers and employes of the city under the management and control of the chiefs of police and fire divisions, which, it is provided in the rules, ‘ ‘ shall be governed by Sections 119,' 120 and 121 of the city charter.” The commission thus recognizes the charter which created it and defined its jurisdiction, and seeks by its own action to increase its power and authority.
 

 Thus we have clearly presented the question whether, when a certain jurisdiction is conferred, certain duties assigned, and powers delegated to a board or commission by a- city charter, that board or commission may confer upon itself further jurisdiction, or add to its powers by the adoption of rules under the
 
 *264
 
 authority granted by the charter to adopt rules for its procedure not inconsistent with the charter. The mere statement of the question is its own answer. There should be some limit to the tendency to confer-'upon boards, commissions, and individual executive officers power to proclaim an
 
 ipse dixit
 
 having the practical effect and force of law, and there should be some restriction upon the tendency of boards and commissions to confer power upon themselves under the guise of rules of procedure, which are authorized only in the exercise of powers duly granted. Here the power sought to be exercised by the commission was not granted by the city charter. A limited jurisdiction in appeal was granted, but the right of appeal was restricted to employes in specific departments. Thereby all others were excluded, and of course could not be added by the action of the recipient of the powers granted. The application of the principle,
 
 “expressio unius est exclusio alterius/’
 
 is itself decisive of the question. Curtis,
 
 Safety Director,
 
 v.
 
 State, ex rel.
 
 Morgan, 108 Ohio St., 292, 140 N. E., 522; 2 Lewis’ Sutherland on Statutory Construction, 916, Section 491.
 

 If additional jurisdiction is to be conferred, it must be sought at the source of such power, the people of the city of Cleveland, who may grant it, if they choose so to do, by an appropriate amendinent to the city charter. A city board or commission can no more amend a city charter, and thus extend its powers by adopting a rule, than a state commission may in like manner amend the Constitution or laws of the state providing for its creation and' defining its powers. Jurisdiction conferred by the Constitution is not subject to legislative control; nor is jurisdiction conferred by law upon boards or commissions subject to extension by them. That principle, frequently announced and applied, is applicable in this case.
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159;
 
 Fulton
 
 
 *265
 
 v.
 
 Smith,
 
 99 Ohio St, 230, 124 N. E., 188;
 
 City of Elyria
 
 v.
 
 Vandemark,
 
 100 Ohio St., 365, 126 N. E., 314.
 

 It is clear that the adoption of rule 10 by the civil service commission added nothing whatever to its jurisdiction, and that its only jurisdiction in appeal was that conferred by the city charter. This court is therefore in accord with the conclusion of the Court of Appeals, and its judgment is affirmed.
 

 Judgment affirmed.
 

 Allen, Stephenson, Jones, Bevis and Zimmerman, JJ., concur.
 

 Weygandt, C. J., not participating.