**DDDJ, INC., Appellant,**

**v.**

**OHIO LIQUOR CONTROL COMMISSION, Appellee.**

[Cite as *DDDJ, Inc. v. Ohio Liquor Control Comm.* (1990), 64 Ohio App.3d 828.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–48.

Decided Aug. 30, 1990.

*Gary L. Jones Co., L.P.A.*, and *Gary L. Jones*, for appellant.

*Anthony J. Celebrezze, Jr.*, Attorney General, *James M. Guthrie* and *Chester T. Lyman, Jr.*, for appellee.

McCORMAC, Judge.

Appellant, DDDJ, Inc., appeals from the judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Liquor Control Commission, suspending appellant's liquor permit for two days and raises the following assignments of error:

"I. The court of common pleas erred in finding that the commission's decision was in accordance with law.

"II. The court of common pleas erred in rejecting appellant's contention that rule 4301:1-1-50 is void for vagueness and a violation of the due process of law."

The February 22, 1989 hearing before the commission proceeded on a stipulated set of facts as supplemented by the testimony of Dennis Wilhelm, president of D–5–6 permit holder DDDJ, Inc. The stipulated facts were contained in various liquor investigator's incident reports which were admitted into evidence.

The incident reports show that, on August 11, 1988 at 11:30 p.m., three undercover Cincinnati police officers entered the permit premises to investigate a radio advertisement of "drinks all night for $.95." At the door, the officers were each charged $1.95 cover charge which they were told was to defray the cost of the drinks specials. Once inside, the officers separated, one sitting alone and two taking seats at a table together. The single officer ordered a drink and was charged $1.50, the normal price. The two officers seated together ordered similar drinks and were charged $1.90, the advertised reduced price. Sometime thereafter, the third officer joined the other two at their table and, on repeated occasions throughout the night, the officers were charged amounts less than the $1.50 per drink normal charge.

On September 15, 1988, two liquor investigators visited the permit premises. On this evening, the same scene was repeated. The investigators paid cover charges and purchased liquor at a reduced price after 9:00 p.m. As a

consequence, appellant was issued violation notices on August 26 and September 15, 1988.

■ Appellant's first assignment of error contends that the commission's order was contrary to law in that the commission is powerless to regulate prices established by retail businesses. Appellant was found to be in violation of Ohio Adm.Code 4301:1–1–50(B), which provides:

"All permit holders shall maintain on their permit premises a schedule of prices for all drinks of alcoholic beverages to be served and/or consumed thereon. Such prices shall be effective for not less than one calendar month dating from twelve p.m. on the first day of each month. Prior to nine p.m., any of these alcoholic beverages may be sold or furnished at a lower price during happy hour periods. After nine p.m., no permit holder shall offer to sell, furnish, or deliver to any person any alcoholic beverages at a price less than the regularly charged price for such beverage as established by the aforementioned schedule of prices."

In support, appellant relies on the Supreme Court case of *Burger Brewing Co. v. Thomas* (1975), 42 Ohio St.2d 377, 71 O.O.2d 366, 329 N.E.2d 693. Under the facts of *Burger*, the court determined that the commission could not regulate the pricing and marketing systems of manufacturers and wholesalers of malt beverages. The court reasoned that, since an administrative agency has only that authority as has been delegated to it by the General Assembly, the commission could not regulate prices in the manner it sought, absent statutory authority. The court's decision was based upon the lack of statutory authorization and does not represent the broad ban on price regulations that appellant suggests. Even if *Burger* could be construed as appellant argues, it would still be unpersuasive, in that this case does not involve price regulation in the manner that was before the court in *Burger*.

The commission, by Ohio Adm.Code 4301:1–1–50, does not seek to strictly regulate the price at which retail establishments offer liquor to their customers. A permit holder is capable of setting his prices at any amount he so chooses when he posts his thirty-day price list, so long as it does not violate minimum mark-up regulations. What is at issue is the time of day at which the retailer must discontinue offering reductions from the posted normal price. The regulation simply states that happy-hour price reductions must cease at 9:00 p.m. The regulation does not seek to set the normal price or the amount of reduction. Therefore, it is not a price fixing regulation as was addressed in *Burger*.

■ As previously stated, an administrative agency may only promulgate regulations that are consistent with and predicated on an expressed or implied

statutory grant of authority. *Carroll v. Dept. of Admin. Services* (1983), 10 Ohio App.3d 108, 10 OBR 132, 460 N.E.2d 704; *Davis v. State, ex rel. Kennedy* (1933), 127 Ohio St. 261, 187 N.E. 867. R.C. 4301.03(B) vests the commission with authority to enact regulations that promote the " * * * maintenance of public decency, sobriety, and good order * * * " in any retail permit holder's location. This statute provides the commission with the ability to promulgate Ohio Adm.Code 4301:1–1–50. The regulation seeks to curb intoxication and drunk driving by limiting the time at which retail permit holders may offer reduced drink prices.

It is undisputed that the purpose of appellant's $.95 drink special was to increase business volume. Appellant claims that, without the promotion, his business decreased some sixty percent. As a consequence, his patrons may have been consuming more alcohol than they would under normal circumstances and, hence, may have been more likely to drive in an inebriated condition. Since drunk drivers kill more people in this country than does war, the regulation at issue is reasonable and consistent with the General Assembly's delegation of power to the commission to promote sobriety.

Appellant's first assignment of error is overruled.

By its second assignment of error, appellant contends that Ohio Adm.Code 4301:1–1–50 is a violation of due process in that it is unconstitutionally vague. It is appellant's claim that a man of ordinary intelligence could not comprehend, by reading the provision, whether he was in compliance or not.

■ Generally, the void for vagueness doctrine involves a two-part analysis. Not only must a statute be written such that a man of common intelligence can ascertain what conduct is prohibited, but the law must also provide explicit standards to prevent arbitrary and discriminatory enforcement. *Connally v. General Constr. Co.* (1926), 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; *Papachristou v. City of Jacksonville* (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110. However, in a regulatory context the required specificity is not as great as in a criminal context. *Salem v. Liquor Control Comm.* (1973), 34 Ohio St.2d 244, 63 O.O.2d 387, 298 N.E.2d 138. The nature and history of the liquor industry has given rise to an ability by the states to strictly regulate the manufacture and sale of intoxicating beverages. *Solomon v. Liquor Control Comm.* (1965), 4 Ohio St.2d 31, 33 O.O.2d 339, 212 N.E.2d 595. Towards this end, the states have granted licenses to sell liquor. The license grants the holder a privilege and not a right to sell liquor. *Salem, supra.* If it so chooses, the state may totally prohibit the sale of intoxicating beverages or regulate them in a manner it so chooses.

■ Ohio Adm.Code 4301:1–1–50 is written with sufficient clarity to comply with the standard announced in *Salem.* The regulation, what we find to be stated in clear and concise language, provides that a permit holder shall post his normal prices on a monthly basis. The regulation goes on to state that prices may be charged that are less than this normal amount, but only until 9:00 p.m. The regulation does not permit an "all day happy hour." We fail to see how this regulation could be given any meaning other than its intended one. Given the nature of the liquor permit as a privilege and not a property right, Ohio Adm.Code 4301:1–1–50 is not unconstitutionally vague.

Appellant, by the testimony of Dennis Wilhelm, also contends that the statute has been arbitrarily enforced. However, the record is devoid of any evidence lending support to appellant's contentions.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and SHAW, J., concur.

HENRY E. SHAW, JR., J., of the Delaware County Common Pleas Court, sitting by assignment.