OPINION
{¶ 1} Appellant, Anthony Delfratte, appeals from the judgment of the Franklin County Court of Common Pleas, which affirmed an order of appellee, Ohio Liquor Control Commission ("the commission") denying appellant's motion for additional time to file an application for a "TREX transfer".[1] For the reasons discussed below, we affirm.
 {¶ 2} Appellant was the holder of a C2, C2X liquor permit, which it placed in safekeeping, pursuant to R.C. 4303.272. The Ohio Department of Commerce, Division of Liquor Control ("the division") renewed the permit once in safekeeping, but later rejected appellant's application for a second such renewal. The division advised appellant, by certified letter, of the fact that he did not qualify for either of the two particular factual circumstances in which a second safekeeping renewal is permitted. The letter described the two factual circumstances for appellant, and advised him that he was required to contact the division in writing, within 15 days of the letter, if he felt he did fit into one of the two circumstances, thus qualifying him for further consideration of his renewal application. After no response was received within 15 days, the division issued an order rejecting the application for a second renewal in safekeeping. Appellant appealed to the commission.
 {¶ 3} At the hearing before the commission, appellant acknowledged and stipulated to the facts contained in the division's order, but proposed that, rather than the commission affirming the order rejecting further renewal in safekeeping, the commission allow appellant to file an application for a TREX transfer. The record reveals that when appellant made this proposal to the commissioners, he represented that he would need no more than 60 days in which to submit the application. He further agreed, "not to appeal any order of this Commission if we don't comply with that." (Tr. 6.)
 {¶ 4} The commission agreed to appellant's proposal. On October 18, 2002, the commission issued an order renewing appellant's liquor permit for a second time in safekeeping, provided that: (1) appellant file a TREX transfer application within 60 days of the date of the order; and (2) appellant waive his right to any appeal. On December 17, 2002, appellant filed his TREX transfer application with the division. By letter dated December 27, 2002, the division advised appellant that it refused to accept and process the application due to several material defects therein. On January 15, 2003, appellant filed a motion with the commission in which he requested an order compelling the division to process his TREX transfer application or, in the alternative, additional time within which to file a corrected application. By order dated January 28, 2003, the commission denied the motion in its entirety. Appellant appealed to the Franklin County Court of Common Pleas.
 {¶ 5} Appellant presented two arguments to the trial court. First, he argued that his original TREX transfer application was not materially deficient and the commission should thus have ordered the division to process it; alternatively, he argued that the commission should have granted his motion for additional time to file a corrected application. The trial court rejected both arguments. The court found that the commission did not act arbitrarily in refusing to order processing of the original TREX transfer application because the application contained at least two glaring, substantive errors. Further, the court found that the commission did not act arbitrarily in refusing to grant appellant more time, since he had already been given sufficient time within which to furnish a compliant application. The court noted that it was appellant himself who suggested a 60-day timetable, and represented to the commission that this amount of time would be sufficient.
 {¶ 6} On appeal, appellant advances the same arguments he advanced below. He argues that he "attempted to comply" with the conditions contained within the commission's conditional order of renewal, but, "was prevented from doing so by the State of Ohio." (Brief of appellant, 6.) He argues that his original TREX transfer application was "in substantial compliance" and that the commission should have deemed appellant's application timely filed, and given him additional time to cure any defects.
 {¶ 7} The commission argues that appellant was given every possible opportunity to use his liquor permit, and that the conundrum in which appellant finds himself is solely due to his own inattention and neglect. The commission points out that appellant's TREX transfer application was far from substantially compliant, and that it was well within the commission's discretion to refuse to give appellant yet another extension of time after his liquor permit had been in safekeeping and his business closed for three years.
 {¶ 8} R.C. 119.12 governs this appeal, and provides, in part:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
 {¶ 9} Under R.C. 119.12, when the trial court reviews an order of an administrative agency, the trial court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111. See, also, Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280.
 {¶ 10} The trial court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof.'"Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews at 280. In its review, the trial court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati, supra.
 {¶ 11} An appellate court's review of an administrative decision is more limited than that of a trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, reh'g denied, 67 Ohio St.3d 1439. In Pons, the Supreme Court of Ohio noted: "* * * [w]hile it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion[.] * * * Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id.
 {¶ 12} In the present case, we find no abuse of discretion on the part of the court of common pleas. As noted by the trial court, R.C. 4303.29(B)(3), which governs TREX transfers, provides, in part:
* * * [T]he transfer of location or transfer of ownership and location of the permit may occur only if the applicant notifies the municipal corporation or township to which the location of the permit will be transferred regarding the transfer and that municipal corporation or township acknowledges in writing to the division of liquor control, at the time the application for the transfer of location or transfer of ownership and location of the permit is filed, that the transfer will be to an economic development project. * * *
R.C. 4303.29(B)(3)(b)(i).
 {¶ 13} Appellant's TREX transfer application lacked this required acknowledgement from the municipal corporation to which the location of the permit would be transferred. Further, the application identified the incorrect transferee. One component of the application indicated that the transferee was Englefield Oil Company, while the application form indicated that Freight Sales, Inc. d/b/a Duke Duchess BP was to be the transferee. As noted by the trial court, these are errors of substance, not form. Thus, the commission's refusal to order processing of this defective application was not contrary to law. Moreover, we observe that the commission could have affirmed the division's original order of non-renewal in the first instance, and was not required to give appellant the opportunity to seek a TREX transfer. Appellant's permit had been renewed once in safekeeping, and the division was well within its statutory and administrative authority to reject an additional renewal. However, though it was by no means required to do so, the commission reached a very specific agreement with appellant for renewal of the permit and transfer within a certain time frame.
 {¶ 14} It is well-settled in the state of Ohio that a liquor permit is not a vested property right, but merely permission to engage in the liquor business. DDDJ, Inc. v. Ohio Liquor ControlComm. (1990), 64 Ohio App.3d 828, 832. As such, the state may regulate the issuance, transfer, revocation and renewal of liquor permits in a manner it so chooses. Id. The commission has a wide breadth of discretion in hearing and ruling upon matters involving the liquor laws of the state of Ohio, including the transfer of a permit. Beef Beer Keowee, Inc. v. Liquor ControlComm. (Aug. 20, 1998), Franklin App. No. 97APE09-1272. The Supreme Court of Ohio has noted, "* * * the transfer of an existing permit from one place to another or from one person to another requires the approval of the department and is not dependent alone on the willingness or desire of the holder of the permit." Bd. of Liquor Control v. Tsantles (1952),156 Ohio St. 512, 515.
 {¶ 15} In the present case, the commission was within its discretion to deny appellant's request for a second renewal. Likewise, the commission was within its discretion to grant or deny appellant's initial request for 60 days to file a TREX transfer application, and to grant or deny appellant's subsequent request for more time in which to do so. Accordingly, the court of common pleas did not abuse its discretion in affirming the commission's order. Appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Brown, JJ., concur.
[1] This term refers to the transfer of a liquor permit to a new location and owner as part of an "economic development project" as designated by the division's superintendent. The statute governing such transfers is R.C. 4303.29.