OPINION
{¶ 1} Appellant, Sally Walters, appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision by appellee, Ohio Department of Administrative Services, denying disability leave benefits to appellant for the periods August 18 to December 2, 2004, and December 20, 2004, to March 2, 2005. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant was employed as an Assistant Attorney General with the State of Ohio. On August 24, 2004, appellant applied for disability leave benefits with her appointing authority. She described her disability as "Depression, stress, anxiety, irritable bowel — abdominal distress, nausea, crying spells, difficulty focusing, extreme fatigue and heavy headed in a.m., broken sleep, headaches." Attached to her application for disability benefits, appellant submitted an attending physician statement prepared by David D. Burnsides, M.D. Dr. Burnsides diagnosed appellant's disabling conditions as depression, anxiety, and irritable bowel syndrome.
 {¶ 3} On September 1, 2004, psychologist John A. Tarpey, Ph.D., conducted a disability assessment of appellant. Dr. Tarpey diagnosed appellant with dysthymic disorder. He determined that she was able to carry out activities of daily living, able to comprehend and follow instructions, able to perform simple and repetitive tasks, and able to maintain an appropriate work pace. He recommended that she receive no disability. Based on Dr. Tarpey's recommendation, appellee denied appellant's request for disability leave benefits.
 {¶ 4} Appellant appealed that decision and submitted a letter in which she detailed the requirements of her employment as an Assistant Attorney General. She also submitted a report from Josip Raulj, M.D., dated March 16, 2003, wherein he indicated that appellant had been evaluated at "Comprehensive Services" on January 17, 2003, and the diagnosis was major depressive disorder, recurrent with prominent anxiety. Lastly, appellant attached an October 4, 2004 letter by Dr. Burnsides, wherein he wrote that she "continues to suffer from fatigue secondary to anxiety and depression. This affects her sleep resulting in fatigue, decreased ability to concentrate and organize, all of which affect her ability to perform good quality work. For these reasons it is my opinion that she is still disabled."
 {¶ 5} Pursuant to R.C. 124.385(F),[1] appellee obtained an opinion of a third party. In a medical opinion dated October 31, 2004, Howard H. Sokolov, M.D., wrote that there was "[i]nsufficient evidence to support a psychiatric disabling condition." In reaching his conclusion, Dr. Sokolov indicated, inter alia, that the severity of appellant's symptoms was not noted in the medical evidence in her disability file.
 {¶ 6} Upon the submission of a description of her employment position, appellee requested that Dr. Sokolov again review appellant's file. In a letter dated November 15, 2004, Dr. Sokolov discussed his second review of appellant's file. In the letter, he wrote, in part, as follows:
 The only additional information submitted since my last review is a position description. Ms. Walters had already described her position in her lengthy description. Despite the fact that it is noted that she was scheduled to see her psychiatrist in mid-October, there continues to be no report from him as of this re-evaluation of her file.
 My conclusion has not changed. It is my opinion that there is insufficient evidence to support a psychiatric disabling condition.
 {¶ 7} A letter, dated December 16, 2004, was sent to appellant, informing her that, based on the third-party physician's review of her disability claim, her disability leave benefits could not be approved. The letter stated, "There has been insufficient medical evidence provided to substantiate the continued severity of your condition and how/why it would have continued to render you totally disabled beyond the already allowed recovery period." The letter informed appellant that her claim had been scheduled for a Chapter 119 disability hearing.[2]
 {¶ 8} The administrative hearing was held on March 2, 2005. At that hearing, appellant submitted letters from Dr. Raulj dated January 4, 2005, and February 27, 2005. In the January 4, 2005 letter, Dr. Raulj indicated that appellant had been evaluated since January 17, 2003, and that she was diagnosed with major depressive disorder, recurrent with co-morbid diagnosis of anxiety disorder. Dr. Raulj wrote that she had stabilized enough to work in April 2003. He further wrote:
 When I saw Sally on October 15, 2004, she was not doing so well and was getting gradually worse for some months in spite of the fact that she was on maximal doses of anti-depressants (Zoloft Wellbrutrin). She was seen again on October 20, 2004, November 10, 2004, and December 22, 2004, with her [condition] actually getting worse i.e.: exhibiting crying spells and her interests, energy, ambitions, concentration decreasing. She was anxious and stressed out. The depression was showing signs of tendencies to be refractory with some stressors (her daughter's illness and the patients [sic.] having surgery) having a negative impact.
 At this time the patient remains dysfunctional and disabled for work.
 {¶ 9} In the February 27, 2005 letter, Dr. Raulj wrote, in part, as follows:
 Finally she was able to return to work part-time leading up to full-time. Unfortunatley [sic], this did not last long. She was not doing well at her appointment on October 20, 2004 and her condition has been deteriorating for some time since August 2004. She was also seen October 20 2004, November 10 2004, December 22 2004, and February 18 2005. She has continued to show many disabling depressive symptoms, including feelings of sadness, crying spells, poor sleep, exhaustion, and lack of energy and concentration.
 Sally felt hopeless, was unable to organize herself, and became easily irritated, angry, and frustrated.
 On February 18, 2005 I had decided to added [sic] Abilify, an Atypical Neuroepileptic medication to her treatment regimen. At this time Sally remains dysfunctional and not able to perform her fairly complex duties and responsibilities. She will be reevaluated in the near future for her response to the addition of Abilify.
 {¶ 10} Because additional medical evidence was submitted subsequent to Dr. Sokolov's second opinion, the matter was referred to Dr. Sokolov for a third time after the March 2, 2005 hearing. In a letter, dated March 13, 2005, Dr. Sokolov opined:
 * * * Ms. Walters submitted two letters from her psychiatrist dated January 4 and February 27, 2005. The letter indicates that Ms. Walters was seen on October 15, October 20, November 10, December 22, 2004 and February 18, 2005. Despite the fact that she was seen twice in October, she did not submit any psychiatric information until now, so it was unavailable for my review on October 31 and November 15.
 In the recent letters, her psychiatrist indicated that when seen on October 15, 2004, Ms. Walters' long standing depression had worsened since August (although he had not seen her until mid-October). Despite this reported worsening, there was no mention of changing her long standing medication (mentioned at the same dosages in the March 2003 report) until an additional medication was added on February 18, 2005. The response to this medication has not yet been assessed.
 Ms. Walters was noted to have symptoms of sadness, crying spells, poor sleep, exhaustion, diminished concentration, irritability, and hopelessness, but there is no indication of the severity of any of these symptoms. Despite these symptoms, there were not only no documented medication changes, but the frequency of visits indicates that after being seen on November 10, she was then not seen for six weeks and following the December 22 appointment, she was not seen for at least eight weeks representing an intensity of treatment that is not consonant with a severe depression. There was also no specific reference to how her symptoms would disable her from working.
 Conclusion: Based on my current review, it is my opinion that there is insufficient information regarding symptom severity and link to work to support benefits for a disabling psychiatric condition from August 18, 2004 to March 2, 2005.
 {¶ 11} In his April 20, 2005 report and recommendation, the hearing officer concluded that the "preponderance of the substantial, reliable and probative evidence of record supports the opinion of Dr. Sokolov that Sally Walters has failed to establish with sufficient documentation that she was unable to perform her job duties as the result of a mental illness during the periods at issue for purposes of her Appeal." Appellant filed objections to the hearing officer's report and recommendation. Subsequently, in an adjudication order, appellee's director adopted the report and recommendation of the hearing officer and thus affirmed the original decision denying appellant's claim for disability leave benefits for the period of August 18 through December 2, 2004, and also from December 20, 2004, through March 2, 2005.
 {¶ 12} Pursuant to R.C. 119.12, appellant appealed to the trial court from the adjudication order. On April 21, 2006, the trial court affirmed the adjudication order of appellee.
 {¶ 13} Appellant appeals to this court from that judgment and sets forth the following two assignments of error for our review:
 I. The decision of the Court of Common Pleas constitutes an abuse of discretion because the denial of disability benefits was not supported by reliable, probative and substantial evidence, nor was it in accordance with law, insofar as the decision relied primarily on a third-party physician's review of the Appellant's medical records only.
 II. The decision of the Court of Common Pleas constitutes an abuse of discretion insofar that the denial of additional evidence deprived the Appellant of her constitutional right to procedural due process.
 {¶ 14} Before we address appellant's assignments of error, we will outline the standard of review for administrative appeals pursuant to R.C. 119.12. Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280. The evidence required by R.C. 119.12 has been defined as follows:
 (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true.
 (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue.
 (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
(Footnotes omitted.) Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570, 571.
 {¶ 15} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Ohio Veterinary Med.Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews,164 Ohio St. at 280.
 {¶ 16} An appellate court's review of an administrative decision is even more limited than that of a common pleas court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619. In Pons, the Supreme Court of Ohio stated:
 * * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id. at 621.
 {¶ 17} However, an appellate court does have plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce, Div. of Secs.
(1998), 129 Ohio App.3d 800, 803.
 {¶ 18} By her first assignment of error, appellant argues that the trial court's decision constituted an abuse of discretion because the denial of her disability benefits was not supported by reliable, probative, and substantial evidence. In addition, she argues that the decision was not in accordance with law because the denial of her disability benefits was primarily based on a third-party physician's review of her medical records. According to appellant, Dr. Sokolov simply questioned the diagnosis and treatment of her treating physician. Appellee argues that the Ohio Revised Code does not require the medical opinion of the third party to be based on a personal examination of the employee who is requesting disability leave.
 {¶ 19} Ohio Adm. Code 123:1-33-13(A) provides that an employee "may file an application for disability leave benefits with the employee's appointing authority." Ohio Adm. Code 123:1-33-12(C) states that an employee eligible for disability leave benefits may receive benefits up to a standard recovery period "if it is determined that the employee is incapable of performing the duties of the employee's position." In addition, pursuant to Ohio Adm. Code 123:1-33-13(B), "[i]t shall be the employee's responsibility to provide written documentation to substantiate the cause, nature, and extent of the disabling illness, injury, or condition for which the employee is requesting disability leave benefits."
 {¶ 20} As noted above, R.C. 124.385(F) provides, "If a request for disability leave is denied based on a medical determination, the director shall obtain a medical opinion from a third party. The decision of the third party is binding." Consistent with that provision, Ohio Adm. Code 123:1-33-07 provides, in part, as follows: "Where a medical question is at issue, the director or designee shall * * * obtain a medical opinion from an independent third party. * * * The third party shall render a medical opinion within thirty days of the selection and the decision of the third party shall be binding."
 {¶ 21} In this case, appellant's request was initially denied by appellee on the basis of Dr. Tarpey's recommendation. Pursuant to R.C. 124.385(F), appellee obtained the medical opinion of a third party, Dr. Sokolov, who reviewed appellant's disability claim file. There is no dispute that Dr. Sokolov did not conduct an in-person examination of appellant. In that regard, appellant seems to assert that Dr. Sokolov's opinion, which was solely based on his review of the file, could not constitute reliable, probative, and substantial evidence. However, appellant has cited no statute or rule that would require the third-party physician to personally examine the employee seeking disability leave benefits. Furthermore, in Crable v. Ohio Dept. ofAdmin. Serv. (Dec. 31, 1986), Franklin App. No. 86AP-667, this court held that an opinion of a third-party, non-examining physician, for purposes of R.C. 124.385(F),[3] can constitute reliable, probative, and substantial evidence. The non-examining physician must accept all of the findings of the examining physician; however, he or she may disagree as to the conclusions drawn therefrom. See Crable.
 {¶ 22} Here, there is no assertion that Dr. Sokolov did not accept the findings of the examining physician. Although he referred to the treatment provided by Dr. Raulj, and opined that the intensity of treatment (i.e., the lack of documented medication changes and frequency of visits) was not consonant with a severe depression, he did not reject any of the findings of appellant's treating psychiatrist. Therefore, we disagree with appellant's contention that Dr. Sokolov's medical opinion was deficient because he did not personally examine her.
 {¶ 23} In his March 13, 2005 letter, Dr. Sokolov expressed an opinion that Dr. Raulj's letters constituted insufficient documentation that appellant was unable to perform her job duties as the result of a mental illness during the periods at issue. In reaching his conclusion, Dr. Sokolov recognized the multiple symptoms that had been attributed to appellant's condition, i.e., sadness, crying spells, poor sleep, exhaustion, diminished concentration, irritability, and hopelessness; however, he noted the lack of any indication as to the severity of those symptoms. In addition, he observed that "[t]here was no specific reference as to how her symptoms would disable her from working." He also noted that the lack of medication changes and the frequency of visits to her psychiatrist "represent[ed] an intensity of treatment that is not consonant with a severe depression." Therefore, Dr. Sokolov reasoned that there was insufficient information regarding symptoms, severity, and link to work, to support disability leave benefits for a disabling psychiatric condition from August 18, 2004, to March 2, 2005. Considering that Dr. Sokolov's opinion was not unreasonable, we resolve that it constituted a sufficient basis, if not a mandatory basis,[4]
for appellee to deny the disability benefits.
 {¶ 24} Based on the foregoing, we conclude that the trial court did not abuse its discretion in finding that the denial of disability leave benefits to appellant, for the time periods at issue, was supported by reliable, probative, and substantial evidence. In addition, the trial court did not err in finding that the denial was in accordance with law. Therefore, we overrule appellant's first assignment of error.
 {¶ 25} Under her second assignment of error, appellant contends that she was denied procedural due process because she was not permitted to depose her treating psychiatrist, Dr. Raulj, and because she was not permitted to enter the deposition testimony at the administrative hearing or before the trial court. She maintains that the testimony of Dr. Raulj may have provided additional information in support of her claim for benefits. Thus, according to appellant, she was prejudiced by her inability to depose Dr. Raulj.
 {¶ 26} In the trial court, appellant requested the opportunity to present additional evidence in the form of deposition testimony of Dr. Raulj. In support, appellant argued that she was not provided the opportunity to depose Dr. Raulj in preparation of, and for use at, the administrative hearing. The trial court denied the motion.
 {¶ 27} Under R.C. 119.12, "the court is confined to the record as certified to it by the agency" unless otherwise provided by law. Furthermore, R.C. 119.12 provides, in pertinent part, as follows: "Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." This court reviews a trial court's decision regarding whether to admit additional evidence pursuant to R.C. 119.12 under an abuse of discretion standard. See Northfield Park Assoc. v. Ohio State Racing Comm., Franklin App. No. 05AP-749, 2006-Ohio-3446, at ¶ 57. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 28} Appellant asserts that R.C. 119.09 prohibited her, as a party to an adjudication hearing, from taking the pre-hearing deposition of Dr. Raulj. In support of that proposition, appellant cites the Supreme Court of Ohio case Ohio State Bd. of Pharmacy v. Frantz (1990),51 Ohio St.3d 143. In Frantz, the Supreme Court of Ohio held that "[t]he mandatory language of R.C. 119.09 pertains to securing attendance of witnesses and production of books, records, or papers at the request of a party for the purpose of conducting an adjudication hearing; it does not provide for prehearing discovery depositions by a party to an adjudication hearing." Id. at paragraph one of the syllabus. Appellee argues that appellant's alleged inability to depose her treating physician did not deprive her of due process.
 {¶ 29} Pursuant to R.C. 119.09, if requested by a party to the adjudicatory hearing, an administrative agency must issue a subpoena to compel the attendance of a witness. See, e.g., Carratola v. Ohio StateDental Bd. (May 6, 1998), Summit App. No. 18658. Here, there is no indication that appellant made such a request as to Dr. Raulj. Had she made that request, then appellee, in view of R.C. 119.09, would have been required to subpoena Dr. Raulj to appear at the administrative hearing. Additionally, pursuant to R.C. 119.09, "[a]n agency may postpone or continue any adjudication hearing upon the application of any party or upon its own motion." Whether appellee would have granted such a request is left to speculation. However, the fact remains that appellant did not request that the hearing officer postpone or continue the March 2, 2005 adjudication hearing on the basis that Dr. Raulj was unable to testify, or for any other reason. Therefore, we find that the trial court did not abuse its discretion in denying appellant's motion to present additional evidence.
 {¶ 30} Considering the foregoing, we conclude that appellant was not denied procedural due process at the administrative hearing or before the trial court. Accordingly, we overrule appellant's second assignment of error.
 {¶ 31} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH and TRAVIS, JJ., concur.
[1] R.C. 124.385(F) provides, "If a request for disability leave is denied based on a medical determination, the director shall obtain a medical opinion from a third party. The decision of the third party is binding."
[2] On January 11, 2005, another letter was sent to appellant. That letter indicated that appellee had approved appellant's request for disability leave benefits for the period of December 3 to December 19, 2004, due to her carpal tunnel surgery. The disability leave benefits for that period of time are not at issue in this appeal.
[3] The applicable version of R.C. 124.385(F) in Crable provided as follows: "If a request for disability leave is denied based on a medical determination, the director of administrative services shall obtain a medical opinion from a third party, who shall be mutually agreed to by the employee's physician and the director. The decision of the third party shall be binding."
[4] See R.C. 124.385(F). ("The decision of the third party is binding.")