OPINION
{¶ 1} Appellant, Charles H. Burneson, appeals from a judgment of the Franklin County Court of Common Pleas affirming the January 23, 2007 amended order of appellee, Ohio State Racing Commission ("OSRC") which declared him ineligible to obtain any license from the OSRC for a one-year period beginning February 5, 2007, set a reinstatement requirement, imposed a fine of $1,000.00, and assessed costs of $1,376.25. For the following reasons, we affirm the trial court's judgment. *Page 2 
 {¶ 2} In 2006, the OSRC issued appellant a license to train thoroughbred racehorses. By operation of law, appellant's license was to expire on December 31, 2006. On May 30, 2006, a Cuyahoga County Court of Common Pleas jury found appellant guilty of aggravated theft, in violation of R.C. 2913.02, a fourth-degree felony. On September 15, 2006, the trial court journalized appellant's conviction, imposed a six-month prison sentence, and ordered him to pay restitution in an amount to be determined at a subsequent hearing.[1]
 {¶ 3} Ohio Adm. Code 3769-2-26(A)(1) provides that "the [OSRC] may refuse to grant, may revoke or may suspend any license, or may otherwise penalize, under the provisions of rule 3769-2-99 of the Administrative Code, a person to whom any of the following apply: (1) The applicant or licensee has been convicted of a felony within the preceding ten years." Pursuant to this rule, the OSRC, on June 5, 2006, notified appellant by letter of its intention to suspend or revoke his trainer's license and/or impose a fine as a result of his felony conviction. The letter disclosed the following underlying facts of appellant's felony conviction, characterizing them as "horse racing related": "In or about 2004, Mike Newell, an Ohio Licensed Owner, arranged to put JAKEMAN and FOR ALL YOU GIRLS out to pasture with an organization that finds new homes for retired horses. You and John Queen stole the horses from their stalls, and sold them to a slaughterhouse." (Dec. 8, 2006 hearing, Appellee's Exhibit 2; Appellant's Exhibit A.)
 {¶ 4} The OSRC issued an amended notice of opportunity letter on October 5, 2006. The amended letter was substantially similar to the original letter, but did not *Page 3 
include a recitation of the underlying facts of appellant's felony conviction. The letter also informed appellant of his right to request a hearing. Appellant, through counsel, requested a hearing.
 {¶ 5} An OSRC hearing officer held a hearing on December 8, 2006. Due to his incarceration on the felony conviction, appellant did not attend.[2] Appellant was, however, represented by counsel.
 {¶ 6} At the hearing, John Izzo, OSRC Deputy Director and Legal Counsel, testified on behalf of the OSRC. Izzo identified a certified copy of the September 15, 2006 entry journalizing appellant's felony conviction. Izzo testified that an OSRC investigator notified the OSRC of appellant's conviction after reading it in a local newspaper. Although Izzo did not verify all the facts contained in the newspaper article, he verified the conviction on the Cuyahoga County Common Pleas Court website.
 {¶ 7} Izzo further testified that staffing problems make it difficult for the OSRC to keep apprised of all felony convictions for its 15,000 licensees. Accordingly, the OSRC relies upon complaints from investigators or racetrack employees. Izzo acknowledged that there were some licensees with felony convictions on their records who were granted or maintained licenses in 2006. However, Izzo stated that the OSRC would take action against any current licensee if the OSRC learned of a felony conviction. As an example, Izzo identified a July 2006 notice of opportunity letter sent by the OSRC to another licensee informing that licensee of its intention to revoke or suspend the licensee's license *Page 4 
issued in 2006, because the licensee was convicted of a felony in the preceding ten years. (Exhibit 5.) Izzo reported that the OSRC had not finalized the action against this licensee due to a failure of service of the notice of opportunity letter.
 {¶ 8} Steve Zaper, an OSRC investigator, testified on behalf of appellant. Zaper testified that he interviewed several persons regarding appellant's case but could not recall any of their names. He did not prepare a report following his investigation. He further testified that he investigated only one other felony conviction in 2006. He acknowledged that some licensees with felony convictions on their records obtained or maintained licenses in 2006.
 {¶ 9} Thereafter, the hearing officer issued a report and recommendation on December 19, 2006, concluding the OSRC's proposed action to suspend appellant's license was supported by reliable, probative, and substantial evidence and was in accordance with law. In particular, the hearing officer noted that the OSRC provided proof of appellant's felony conviction via a certified judgment entry from the Cuyahoga County Court of Common Pleas and that appellant did not dispute the fact of the conviction. Accordingly, the hearing officer recommended that the OSRC suspend appellant's license for one year, fine him $1,000, set conditions regarding any future license applications, order appellant to pay the costs of the adjudication hearing, and order appellant to comply with the directives set forth by the trial court in the underlying criminal matter. *Page 5 
 {¶ 10} Appellant timely filed objections to the hearing officer's report and recommendation. On January 18, 2007, the OSRC convened to consider the matter. On January 23, 2007, the OSRC issued an order adopting the hearing officer's recommendation. However, noting that appellant's license expired on December 31, 2006, the OSRC ordered that appellant be ineligible to obtain any license for a one-year period beginning February 5, 2007, and that he must appear before the OSRC prior to receiving any future license. The OSRC also imposed a fine of $1,000.00 and assessed costs of $1,376.25.
 {¶ 11} Appellant filed a timely appeal, pursuant to R.C. 119.12, to the Franklin County Court of Common Pleas. The trial court concluded that the OSRC's decision was supported by reliable, probative, and substantial evidence and was in accordance with law. Appellant timely appealed to this court, where he raises three assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY ITS ERRONEOUS INTERPRETATION OF R.C. § 119.09 THAT SAID STATUTE REQUIRES THAT THE APPELLANT MUST DEMONSTRATE THAT HE SUFFERED BOTH ERROR AND PREJUDICE IN ITS APPLICATION.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY HOLDING THAT THE IMPOSITION OF A FINE UPON THE APPELLANT BY THE OSRC DID NOT CONSTITUTE DOUBLE JEOPARDY IN VIOLATION OF THE APPELLANT'S CONSTITUTIONAL RIGHTS.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION BY REFUSING TO HOLD THAT THE REGULATION OF THE OHIO STATE RACING COMMISSION WITH RESPECT TO THE UNBRIDLED DISCRETIONARY AUTHORITY TO REFUSE TO GRANT, REVOKE OR SUSPEND A LICENSE *Page 6 
IS A DELEGATION OF LEGISLATIVE POWER AND THEREFORE UNCONSTITUTIONAL.
 {¶ 12} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. The trial court's "review of the administrative record is neither a trialde novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" (Emphasis sic.) Lies v. Ohio Veterinary Med. Bd. (1981),2 Ohio App.3d 204, 207, quoting Andrews v. Bd. of Liquor Control (1955),164 Ohio St. 275, 280. The trial court "must give due deference to the administrative resolution of evidentiary conflicts," although "the findings of the agency are by no means conclusive." Univ. of Cincinnativ. Conrad (1980), 63 Ohio St.2d 108, 111.
 {¶ 13} This court's standard of review is more limited than that of the trial court. In reviewing the trial court's determination that the commission's order was supported by reliable, probative, and substantial evidence and was in accordance with law, this court's role is limited to determining whether the trial court abused its discretion. Lorain CityBd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157. Absent an abuse of discretion, this court may not substitute its judgment for that of the administrative agency or the trial court.Provisions Plus v. Ohio Liquor Control Comm., *Page 7 
10th District No. 03AP-670, 2004-Ohio-592, ¶ 8, citing Pons v. OhioState Med. Bd., 66 Ohio St.3d 619, 1993-Ohio-122. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Kistler v. Ohio Bur. of Workers'Comp., 10th District No. 04AP-1095, 2006-Ohio-3308, ¶ 9.
 {¶ 14} By his first assignment of error, appellant contends the trial court abused its discretion in interpreting R.C. 119.09 to require appellant to demonstrate that he was prejudiced by the OSRC's failure to issue subpoenas.
 {¶ 15} By letter dated November 21, 2006, appellant requested that the OSRC issue a subpoena requiring Sam Zonak, OSRC's Executive Director, to appear as a witness at the hearing. Appellant also requested that the OSRC issue a subpoena duces tecum to Izzo to compel production of all records and applications for the year 2006 pertaining to current and potential licensees who had been convicted of a felony in the preceding ten years.
 {¶ 16} The transcript of the hearing indicates that the parties met with the hearing officer prior to the hearing to discuss the subpoenas. At that meeting, counsel for appellant argued that he required Zonak's testimony, as well as the information sought by the subpoena duces tecum, to establish that the OSRC selectively enforced its administrative rules against appellant. The OSRC argued that the Zonak subpoena should be denied on grounds that Zonak should not and could not be subpoenaed to testify in every OSRC case simply because he is the executive director. As to the subpoena duces tecum, the OSRC argued that it does not categorize licensed applicants in a database allowing easy access to the information sought by appellant's counsel; accordingly, it would be unduly burdensome to review over 15,000 applications by hand *Page 8 
to determine which applications included persons with felony convictions. The OSRC indicated that it would make the records available for appellant's counsel's review prior to the hearing. The OSRC also offered to stipulate that convicted felons had obtained or maintained licenses. The hearing officer ordered the OSRC to make Zonak available to testify at the hearing, if necessary, and to make the requested documents available to appellant's counsel for review prior to the hearing.
 {¶ 17} At the hearing, the hearing officer noted that appellant's counsel had declined to review the OSRC's records and declined to enter into the stipulation proposed by the OSRC. The hearing officer found the information sought in the subpoena duces tecum to be of marginal relevance, given that Ohio Adm. Code 3769-2-26 permits the OSRC discretion in taking action against a licensee. Accordingly, the hearing officer refused to issue the subpoena duces tecum. In addition, during appellant's case, appellant's counsel again requested that the hearing officer issue a subpoena compelling Zonak to testify. The hearing officer concluded that Zonak's testimony would add nothing to Izzo's testimony regarding the OSRC's treatment of other current and potential licensees with felony convictions; accordingly, the hearing officer refused to issue the subpoena compelling Zonak to appear.
 {¶ 18} R.C. 119.09 provides, in relevant part:
 [T]he agency may, and upon the request of any party receiving notice of the hearing as required by section 119.07 of the Revised Code, shall issue a subpoena for any witness or a subpoena duces tecum to compel the production of any books, records, or papers, directed to the sheriff of the county where such witness resides or is found, which shall be served and returned in the same manner as a subpoena in a criminal case is served and returned. *Page 9 
 {¶ 19} R.C. 119.06 provides, in relevant part:
 No adjudication order of an agency shall be valid unless the agency is specifically authorized by law to make such order. No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise.
 {¶ 20} Appellant contended in the trial court that OSRC's failure to issue the subpoenas as mandated by R.C. 119.09 deprived him a fair hearing in accordance with R.C. 119.01 to 119.13; accordingly, pursuant to R.C. 119.06, the OSRC's adjudication order was invalid. The trial court, citing Walters v. Ohio State Dept. of Adm. Servs., 10th District No. 06AP-472, 2006-Ohio-6739, ¶ 29, acknowledged that the OSRC had not fulfilled its mandatory obligation under R.C. 119.09 to issue the requested subpoenas. The trial court determined, however, that appellant had not demonstrated that he was prejudiced by the OSRC's failure to comply with R.C. 119.09.
 {¶ 21} Appellant contends the trial court erred in interpreting R.C. 119.09 to require him to demonstrate that he was prejudiced by the OSRC's failure to comply with R.C. 119.09. Appellant argues that the statute does not require him to demonstrate prejudice and that the trial court, in essence, amended the statute by adding such language.
 {¶ 22} Ohio case law supports the trial court's interpretation of R.C. 119.09. In Ohio State Bd. of Pharmacy v. Poppe (1988),48 Ohio App.3d 222, the court found error in the administrative agency's failure to issue a subpoena duces tecum as requested by the licensee. The court then determined that its "next task [was] to examine the prejudice to [the licensee's] case which resulted therefrom." Id. at 228. The court explained that "[i]n doing so we are mindful that not all errors in an administrative proceeding, or a *Page 10 
judicial proceeding for that matter, require reversal. Prejudice to the rights of the complaining party arising from the error complained of is essential to a reversal." Id. at 228-29, citing Lies, supra, at 204.[3]
 {¶ 23} In The Career Plaza v. State Dept. of Commerce (June 30, 1980), 11th District No. 7-186, the licensees argued that they should have been permitted to depose certain witnesses. The court stated that "[o]ur understanding of Chapter 119.09 [is] that it provides for the subpoena of witnesses by the [licensees] at the hearing. Further, appellants have not shown prejudice." Id. Similarly, in Carratola v. Ohio State DentalBd. (May 6, 1998), 9th District No. 18658, the licensee argued that the dental board erred in failing to enforce a subpoena issued to a potential witness to appear at the administrative hearing. The court rejected the licensee's argument, finding that, in addition to his failure to request that the board enforce the subpoena, the licensee failed to demonstrate how he was prejudiced by the failure of the witness to appear at the hearing.
 {¶ 24} In accordance with the foregoing cases, the trial court properly found that, under R.C. 119.09, appellant was required to demonstrate prejudice in the OSRC's failure to issue the requested subpoenas. Having so found, we next consider whether the trial court abused its discretion in concluding that appellant had not established prejudice.
 {¶ 25} As noted, appellant sought Zonak's testimony and the documentary evidence requested in the subpoena duces tecum to support his selective enforcement defense. The OSRC informed appellant's counsel prior to the hearing that he could *Page 11 
review the requested documents if he so desired; however, counsel failed to avail himself of this opportunity. Further, the OSRC offered to stipulate that there were some convicted felons who obtained or maintained licenses in 2006; however, counsel declined to enter into the stipulation. Further, we agree with the hearing officer's conclusion that, even if the evidence sought by appellant established that the OSRC did permit some convicted felons to obtain or maintain licenses, such evidence would be only marginally relevant, given that Ohio Adm. Code 769-2-26(A)(1) allows the OSRC discretion in deciding whether or not to take action against any licensee with a felony conviction. Finally, as the hearing officer noted in his report, counsel for appellant was able to elicit the desired information from Izzo and Zaper, and, as such, appellant was not prevented from presenting his selective enforcement defense.
 {¶ 26} Appellant fails to offer anything more than mere speculation that the evidence he sought would establish that the OSRC granted or permitted a similarly situated trainer, that is, one who was convicted of stealing racehorses and selling them to a slaughterhouse, to maintain a trainer's license. Appellant provides no compelling rationale why the evidence was required in support of his defense to the charge in this case or how he was prejudiced when denied the evidence. The first assignment of error is overruled.
 {¶ 27} Appellant's second assignment of error contends the trial court abused its discretion in concluding that the OSRC's imposition of a fine did not constitute double jeopardy in violation of his constitutional rights. We disagree. *Page 12 
 {¶ 28} In Foe Aerie 2347 v. Ohio State Liquor Control Comm., 10th District No. 01AP-675, 2001-Ohio-8853, this court held that: "[T]he Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment. * * * Rather, the clause protects against the imposition of multiple criminal punishments for the same offense. * * * Because the proceedings before the [Ohio State Liquor Control Commission] were civil, the double jeopardy clause is not invoked." (Emphasis sic.) Id., citing State v. Gustafson, 76 Ohio St.3d 425, 435, 1996-Ohio-299. As inFoe Aerie 2347, the prohibition against double jeopardy is not implicated in this case because the proceedings before the OSRC and the sanctions imposed upon appellant were civil, not criminal, in nature. Further, as noted by the OSRC, FOE Aerie 2347 approves an administrative agency imposing a fine. "[N]othing suggests the penalty the [Ohio State Liquor Control Commission] imposed, a suspension or alternatively a forfeiture of a fixed sum of money, is punitive in form. Indeed, that such authority was granted to an administrative agency is some evidence the punishment is civil in nature. * * * Moreover, the payment of money is a common sanction in civil proceedings." Id. Pursuant to FOE Aerie2347, the OSRC's imposition of a fine upon appellant following his conviction in the underlying criminal matter did not constitute double jeopardy in violation of his constitutional rights. The second assignment of error is overruled.
 {¶ 29} Appellant's third assignment of error contends the trial court abused its discretion in failing to find that Ohio Adm. Code 769-2-26(A)(1) is unconstitutional. More particularly, appellant maintains that, because the OSRC has not enacted guidelines regarding application of the regulation, the regulation is an impermissible delegation of legislative authority. *Page 13 
 {¶ 30} In Midwestern College of Massotherapy v. Ohio Med. Bd. (1995),102 Ohio App.3d 17, 22-23, this court discussed the criteria for determining the constitutionality of an administrative rule:
 The General Assembly cannot delegate its legislative powers to an administrative body and any such delegation would be unconstitutional. Matz v. J.L. Curtis Cartage Co. (1937), 132 Ohio St. 271, 8 O.O. 41, 7 N.E.2d 220, paragraph six of the syllabus. However, the legislature may pass laws which delegate administrative powers to an administrative body. Id.
 Generally, a law which confers discretion on a board without establishing any guidelines is a delegation of legislative power and is unconstitutional. Id., paragraph seven of the syllabus; Weber v. Bd. of Health (1947), 148 Ohio St. 389, 35 O.O. 351, 74 N.E.2d 331, at paragraph three of the syllabus. However, an exception to this general rule applies when a law concerns the state's exercise of its police powers. A law which delegates discretion without providing guidelines may nevertheless be valid and constitutional when the law relates to the protection of the public morals, health, safety, or general welfare, and guidelines would defeat the intended legislative objective. Matz, paragraph seven of the syllabus. In such a situation, the administrative body may issue rules and they will be a proper exercise of administrative power provided the rules are not unreasonable, discriminatory, or in conflict with the law. Weber at 396, 35 O.O. at 354, 74 N.E.2d at 335-336. A rule which is unreasonable, arbitrary, discriminatory, or in conflict with law is invalid and unconstitutional because it surpasses administrative powers and constitutes a legislative function. Id. at 398-400, 35 O.O. at 355-356, 74 N.E.2d at 336-337. Nor may an administrative body promulgate rules which add to its delegated powers. Carroll v. Dept. of Adm. Serv. (1983), 10 Ohio App.3d 108, 110, 10 OBR 132, 133-134, 460 N.E.2d 704, 706-707. An administrative body may only promulgate regulations consistent with and predicated upon an express or implicit statutory grant of authority. DDDJ, Inc. v. Ohio Liquor Control Comm. (1990), 64 Ohio App.3d 828, 831, 582 N.E.2d 1152, 1154. A rule that bears no reasonable relation to the legislative purposes of the authorizing statute improperly declares policy. Carroll, supra, at 110, 10 OBR at 133-134, 460 N.E.2d at 706-707. *Page 14 
 {¶ 31} The enabling legislation regarding horse racing is found in R.C. Chapter 3769. R.C. 3769.02 establishes the OSRC while R.C. 3769.03
empowers the OSRC to "prescribe the rules and conditions under which horse racing may be conducted" and to "issue, deny, suspend, or revoke licenses to those persons engaged in racing and to those employees of permit holders as is in the public interest for the purpose of maintaining a proper control over horse-racing meetings." Under the authority granted by R.C. 3769.03, the OSRC adopted Ohio Adm. Code 769-2-26(A)(1), which confers on the OSRC the discretion to sanction an OSRC licensee who has been convicted of a felony within the preceding ten years.
 {¶ 32} The OSRC has not established guidelines with respect to application of Ohio Adm. Code 3769-2-26(A)(1); however, the regulation clearly concerns the state's exercise of its police powers. "`Horse racing * * * [is a] subject[ ] with respect to which police regulations for the protection of the public safety, morals, and general welfare, are not only proper but are an absolute necessity.'" Winner v. OhioState Racing Comm. (Apr. 15, 1998), 9th District No. 97CA0014, quotingStandard "Tote", Inc., v. Ohio State Racing Comm. (1954), 121 N.E.2d 463, 469. "Since this is a field in which potential evils abound, the General Assembly should not be expected to anticipate the manifold practices and complex arrangements which involve opportunities for dishonest dealing that should be guarded against so as properly to protect the public." Standard Tote, at 469. As this court has noted, "[t]he very nature of horse racing itself presents numerous opportunities for abuse. Specific and strict rules are necessary in order to preserve the integrity of the sport. Persons who wish to receive licenses to participate in the sport must conform to certain standards, rules and regulations, which are designed to maintain *Page 15 
the integrity of horse racing." Haehn v. Ohio State Racing Comm. (1992),83 Ohio App.3d 208, 213.
 {¶ 33} Allowing the OSRC discretion to take action against the license of a horse trainer who is a convicted felon clearly bears a reasonable relationship to the state's interests in maintaining the integrity of the horse-racing industry. The regulation is particularly relevant here, where the record indicates that the felony conviction against appellant arose from appellant's theft of racehorses. Consequently, we conclude that Ohio Adm. Code 3769-2-26(A)(1) is constitutional. The third assignment of error is overruled.
 {¶ 34} Having overruled appellant's three assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH and TYACK, JJ., concur.
[1] The Eighth District Court of Appeals subsequently modified appellant's conviction, vacated his sentence and remanded the case for resentencing as a fifth-degree felony. State v. Burneson, 8th District No. 88767, 2007-Ohio-4037.
[2] Prior to the hearing, appellant requested that the hearing be continued until after he was released from prison in mid-March 2007. After the hearing officer denied the request, appellant filed in this court an action for a writ of prohibition and/or mandamus requesting that this court issue a writ prohibiting the December 8, 2006 hearing from proceeding or a writ requiring that the hearing officer continue the case until appellant was released from prison. This court denied the requested writs. State ex rel. Burneson v. Ohio St. Racing Comm., 10th District No. 06AP-1179 (Magistrate's Decision). (Dec. 8, 2006 hearing, Exhibit 6.)
[3] Appellant relies upon paragraph five of the syllabus ofPoppe, which he claims states that "the failure of the agency to issue the subpoena does, automatically, constitute prejudicial error." However, appellant's version omits, perhaps inadvertently, the most critical word in that syllabus. The syllabus actually states that "the failure of the agency to issue the subpoena does not, automatically, constitute prejudicial error." (Emphasis added.) Id. at 222. Moreover, as noted above, the body of the court's opinion is inconsistent with the syllabus language urged by appellant. *Page 1